576 P.2d 1058

**In the Matter of the ESTATE of Lempi Irene MATTSON.**

**Alfred MACK, former personal representative, Plaintiff-Appellant,**

v.

**John CALHOUN, present personal representative, Defendant-Respondent.**

No. 12429.

Supreme Court of Idaho.

March 31, 1978.

Paul D. McCabe, Coeur d'Alene, Robert P. Dwyer, Kellogg, for plaintiff-appellant.

William H. Mulberry, Pinehurst, for defendant-respondent.

McFADDEN, Justice.

This appeal is from an order of the district court, the effect of which was to dismiss an attempted appeal to the district court from an order of the magistrate's division in the proceedings in the estate of Lempi Irene Mattson. We affirm.

Shortly after the death of Lempi Irene Mattson, appellant Alfred Mack, decedent's surviving brother, applied for appointment as the personal representative of his sister's estate. Respondent John Calhoun intervened in the proceedings, alleging that he was the decedent's husband and that as such he had priority for appointment as personal representative.[1] Following a hear-

---

1. Although the record is unclear, it appears that Lempi Irene Mattson died intestate. In such case a surviving spouse has priority for appointment over other heirs under I.C. § 15–3–203, which provides the following priorities for appointment of the personal representative:

    (1) the person with priority as determined by a probated will including a person nominated by a power conferred in a will;

    (2) the surviving spouse of the decedent who is a devisee of the decedent;

    (3) other devisees of the decedent;

    (4) the surviving spouse of the decedent;

    (5) other heirs of the decedent;

    (6) forty-five (45) days after the death of the decedent, any creditor;

    (7) if a petition for appointment of a personal representative has been filed and sixty

ing, the magistrate issued his memorandum opinion, together with findings of fact and conclusions of law. The magistrate found facts supporting respondent Calhoun's contentions that he and decedent were husband and wife and concluded that respondent and decedent were legally married and that therefore respondent was entitled to be appointed personal representative of the estate.

Appellant timely appealed to the district court the "Order Terminating Appointment of Personal Representative and Appointment of Successor Personal Representative." Respondent Calhoun moved to dismiss the appeal on the grounds that the notice of appeal was defective. He pointed out that the notice "fails to state a summary of the expected assignments of error which will be contained in appellant's brief and a statement as to what general portions, if any, of the testimony and proceedings of the original trial or hearing are relevant to the issues to be raised on appeal by the assignments of error," which were required by I.R.C.P. 83(f)(5) and (6), as in effect at that time.[2]

Hearing was held on the motion to dismiss. Three and one-half months later (and five months after the magistrate's hearing), the court entered its order dismissing the appeal. It subsequently entered an order denying appellant's motion to reconsider. The court noted that no brief had been filed nor had appellant presented an amended notice of appeal.

In this appeal appellant argues that the trial court was in error in dismissing the appeal. He points out that he offered to amend his notice of appeal at the hearing on respondent's motion to dismiss, but that the district court made no reply to the offer. Appellant asserts that he assumed

the lack of response to the offer was a rejection of his offer to amend and he therefore made no attempt to amend while the district court was considering the motion to dismiss. Appellant also points out that the transcript on appeal to the district court was not handled in accordance with the requirements of the rules. The transcript was never properly settled, although copies were mailed to the parties and a copy filed with the district court. Appellant maintains that these irregularities stopped the time on submitting his brief from running and prevented him from preparing a proper notice of appeal.

It is undisputed that appellant's notice of appeal lacked a summary of expected assignments of error. We agree with the district court that this defect rendered the appeal "subject to dismissal upon motion in the discretion of the district court" under I.R.C.P. 83(s). The crux of this appeal is whether the discretion granted to the district court by rule 83(s) "clearly appears to have been exercised unwisely and to have been manifestly abused." *Baldwin v. Ewing,* 69 Idaho 176, 180, 204 P.2d 430, 432 (1949); *Poston v. Hollar,* 64 Idaho 322, 132 P.2d 142 (1942); *Riggs v. Smith,* 52 Idaho 43, 11 P.2d 358 (1932).

In the instant case we cannot say that the district court clearly exercised its discretion unwisely. When the court ruled on the motion to dismiss in late August, 1976, more than five months had elapsed since the magistrate's rulings and no error of any kind had been specified. While appellant's perhaps "technical" argument that a brief was not due because the transcript was never lodged is well taken, apparently he had been furnished a copy of the transcript ten weeks before the court's dismissal. Thus even if appellant required the use of a

---

(60) days have elapsed during which no consent to act has been filed by any proper person, the public administrator shall act as personal representative unless and until a proper person consents to act.

2. I.R.C.P. 83(f) was first adopted by order of this court on October 24, 1975, effective January 1, 1975. Following the adoption of the new Idaho Appellate Rules effective July 1, 1977,

this court on May 25, 1977, entered an order effective July 1, 1977, eliminating from rule 83(f) the requirements of a summary of expected assignments of error and a specification of the portions of the transcript relevant to the assignments of error. The purpose of the change was to make appellate procedure in the district courts and this court more consistent.

transcript to prepare a summary of expected assignments of error, an amended notice could have been proffered two months before the judge dismissed the case.

■ Appellant argues that he submitted no amended notice because he took the court's silence on his offer to amend as a rejection. At oral argument before this court he further stated that he saw no use in preparing an amended notice when the court had before it the motion to dismiss. This court finds it inappropriate for a litigant whose violation of the civil rules renders his suit subject to dismissal to forego simple remedial steps and wait for the court to rule on the motion to dismiss. Due diligence requires that an appellant remedy defects in his pleadings on his own initiative, particularly when amelioration is as simple as in this case.

Remedial action here would not have been difficult. Because under the rules then in effect a notice of appeal had to be filed within thirty days of the judgment, former rule 83(f) could not have contemplated the use of a transcript in preparing the summary of expected assignments of error. As the district court pointed out, former I.R.C.P. 83(f) required only that errors be stated in very general terms.

■ While at first blush the district court's decision may seem "technical" and contrary to Rule 1(a)'s mandate that the rules "be liberally construed to secure the just, speedy and inexpensive determination of every action . . .," we do not find it so. Despite some indications that the appeal was urgent, five months after the magistrate's hearing the district judge had received no allegations of any error below— just that appellant wanted a "review." On this record we cannot say that the district court "clearly" and "manifestly" abused the discretion granted by I.R.C.P. 83(s) to dismiss the appeal.

Affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON and BISTLINE, JJ., concur.

BAKES, J., dissents.