730 P.2d 1047

**Lacey SIVAK, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 16436.

Court of Appeals of Idaho.

Dec. 26, 1986.

Lacey Sivak, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David S. Minert, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

This is an appeal from an order of the district court "dismissing" an intermediate appeal from the magistrate division in a habeas corpus proceeding. The case involves an inmate incarcerated on death row at the state penitentiary. The inmate, Lacey Sivak, contends he should be released because of an alleged illegal incarceration which occurred in 1983. We affirm the order of the district court upholding the magistrate's order denying relief to Sivak on his petition.

In March, 1983, Lacey Sivak was being held at the penitentiary under a sentence of death. On March 24 our Supreme Court vacated Sivak's sentence and remanded his case to the district court for resentencing. *State v. Sivak*, 105 Idaho 900, 901, n. 1, 674 P.2d 396, 397, n. 1 (1983), *cert. denied*, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 887 (1984). On April 4, 1983, the district court resentenced Sivak, again imposing the death penalty.[1]

On February 24, 1986, Sivak filed a petition for writ of habeas corpus.[2] He alleged that his incarceration was illegal because he had been held in the penitentiary, on death row, during the time period from March 18, 1983 to April 4, 1983 while he was not under any sentence.[3] For relief, Sivak requested a hearing, compensation, release from custody and punishment of all

---

1. Recently, following Sivak's resentencing, his later sentence was also vacated by our Supreme Court and the case was remanded for another resentencing. *See Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986).

2. Sivak's petition was unverified, contrary to the requirement of I.C. § 19–4202(3).

3. In his petition Sivak erroneously alleged that his sentence was vacated on March 18, 1983, when in fact the Supreme Court order vacating his sentence was issued on March 24, 1983. *See State v. Sivak, supra.*

parties responsible for his illegal incarceration.

A magistrate denied Sivak's petition, ruling that the issues raised in the petition were moot; that Sivak's "present incarceration is under a valid sentence;" and that Sivak had no standing to bring a civil suit while he was an inmate. Sivak appealed to the district court. That appeal was dismissed upon a determination by the district court that "the petition is frivolous [and] without merit...." Essentially, the district court affirmed the magistrate's order.

On appeal from the dismissal order of the district court, Sivak does not explicitly point to any error committed either by the district court or by the magistrate. He simply continues to assert that his incarceration is illegal because he was housed on death row between March 24 and April 4 in 1983 while awaiting resentencing.[4] Sivak contends that it is illegal to confine sentenced and unsentenced inmates together. For authority, he cites I.C. §§ 20–602 and 20–603. We find those statutes to be inapposite. They relate to legislative restrictions governing county jails. They do not include state correctional institutions or facilities. The legislative declarations relating to incarceration in the penitentiary are codified in Chapter 1 of Title 20. I.C. § 20–101 states that "[a]ll offenders convicted *and sentenced* according to law to imprisonment in the state prison, shall be committed to the custody of the state board of correction." [Emphasis supplied.]

In light of I.C. § 20–101, it would appear improper for the board of correction to obtain custody and hold any offender at one of its institutions where the offender has not been both convicted and sentenced in respect to some charge.[5] At the time Sivak sought release through his application for a writ of habeas corpus, however,

he was being held at the penitentiary following a conviction and sentence. His complaints, in reality, addressed a past event which no longer existed. *See Goff v. State,* 91 Idaho 36, 415 P.2d 679 (1966). No collateral consequences flowed from the alleged illegal detention. Once Sivak was resentenced the illegality, if any, of the prior detention ceased. *Russell v. Fortney,* 111 Idaho 181, 722 P.2d 490 (Ct.App. 1986), *review denied,* 111 Idaho 179, 722 P.2d 488 (1986). Thus, the legality of his detention between March 24 and April 4, 1983, was a moot issue in respect to his incarceration on February 24, 1986.

Although mooted issues may, under compelling circumstances, merit judicial review, *see e.g., Mallery v. Lewis,* 106 Idaho 227, 678 P.2d 19 (1983), we do not find in Sivak's case a sufficient public interest at stake to disregard the mootness doctrine. *Russell v. Fortney, supra.* Accordingly, the order of the district court upholding the magistrate's denial of Sivak's petition for a writ of habeas corpus is affirmed.

SWANSTROM, J., concurs.

BURNETT, Judge, specially concurring.

Although I join the Court in upholding the magistrate's dismissal of Sivak's petition, I do so for reasons different from those stated in today's opinion. Sivak captioned his petition as one for "habeas corpus." However, the facts alleged and the relief sought disclose that the pleading actually was a hybrid form of civil complaint. *Cf. Archer v. Shields Lumber Co.,* 91 Idaho 861, 867, 434 P.2d 79, 85 (1967) (pleading is interpreted by its contents rather than by its caption). Upon his allegation of illegal confinement, Sivak sought damages, release from custody, and punishment of the "parties responsible for the illegal incarceration." By summarily denying all

---

4. Sivak raises no issue on appeal in respect to the magistrate's denial of the petition's request for "compensation" or punishment of parties responsible for his incarceration. We therefore do not discuss those issues.

5. This broad observation should be subject to the possibility of special arrangements made between the board of correction and other agencies, for example where, by court order or by contract with another department, the board obtains temporary custody of an individual for diagnosis, evaluation, treatment or similar matters. Such was not the case here.

relief, the magistrate acted as though he were rendering a judgment on the pleadings under I.R.C.P. 12(c). Such a judgment would be appropriate if, but only if, the pleadings failed to disclose a material issue. *E.g., Cedarholm v. State Farm Mutual Insurance Companies*, 81 Idaho 136, 338 P.2d 93 (1959).

In this case my colleagues hold, in essence, that Sivak's petition presents no material issue because it is moot. I agree that the petition is moot with respect to Sivak's request for release from custody. By the time the petition was filed, Sivak had been re-sentenced. The validity of the new sentence was not challenged in the petition. However, the Court goes on to address the underlying question presented by the petition—whether the Board of Correction has statutory authority to confine a person who has been convicted but whose sentence has been set aside due to a procedural irregularity. The Court acknowledges that I.C. § 20–101 does not expressly provide such authority. In light of this acknowledgement, the petition could not be deemed moot as to Sivak's claim for compensation or as to his request that correctional officials be punished for his "illegal incarceration." Neither do I read Sivak's *pro se* brief on appeal as excluding those issues.

Although the punishment and compensation requests are not moot, I think they otherwise fail to frame material issues. I would simply hold, as did the district court, that the request for punishment of correctional officials was frivolous. I am unaware of any legal foundation for such a request. However, the claim for compensation requires closer examination. The magistrate denied this claim by holding, in reliance on I.C. § 18–310, that an inmate has no right to bring a civil action. This statute exemplifies what is commonly called a "civil death" law. I find no decision of our Supreme Court holding that the statute applies to a civil action brought by an inmate who seeks compensation for improper confinement. Courts in other jurisdictions appear to be divided upon whether "civil death" laws apply to such actions.

Annot., *Criminal's Right to Prosecute Civil Action*, 74 A.L.R.3d 680 (1976).

Nevertheless, I think it was unnecessary for the magistrate to address that issue in this case. Sivak did not deny that he had been adjudicated guilty of a capital crime. A person so convicted is not entitled to liberty pending the entry of a valid sentence. *See* I.C. §§ 19–2802, 19–2903; I.C.R. 38(b). Consequently, even if Sivak had not been confined at a facility operated by the Board of Correction, he would have been confined at a county jail. His petition fails to allege how he was personally and meaningfully damaged by confinement at one place rather than the other. Consequently, no material issue as to compensation has been established.

In sum, Sivak's petition is fatally flawed—not for reasons stated by the magistrate or for mootness alone as asserted by the Court today, but more broadly because it fails to establish a material issue. On this basis I concur in the result reached by my colleagues and by the courts below.