769 P.2d 1129

**Lacey Mark SIVAK, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17453.**

Court of Appeals of Idaho.

Feb. 28, 1989.

Petition for Review Denied May 17, 1989.

---

758

Lacey Mark Sivak, pro se.

Jim Jones, Atty. Gen. by Timothy D. Wilson, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

Lacey Mark Sivak appeals a district court order dismissing his appeal to that court for failure to file an appellate brief. Sivak had appealed a magistrate's order dismissing his petition for a writ of habeas corpus. He now contends that the district court abused its discretion by dismissing Sivak's appeal. For reasons to which we now turn, we agree that the appeal should not have been dismissed; but we further hold that the appeal was meritless.

Sivak is a prisoner of the Idaho State Correctional Institution. His petition for writ of habeas corpus is a compilation of perceived injustices suffered by him at the hands of state and Ada County corrections officials. The petition was dismissed by the magistrate division because it failed to allege facts demonstrating a right to judicial relief.

Sivak filed in the district court a notice of appeal and a separate document denominated "appeal." The "appeal" presented an assertion by Sivak that the magistrate had been prejudiced against him. The "appeal" also argued broadly that the record supported the issuance of a writ of habeas corpus. The district court ordered Sivak to submit an appellate brief. Sivak responded by filing a document denominated "appeal-supplemental." The "appeal-supplemental" noted that the "appeal" had already been filed. Determining that Sivak had failed to file an appellate brief, the district court dismissed the appeal.

Idaho Rule of Civil Procedure 83(s) grants the district court the discretionary authority to dismiss an appeal for a party's failure to timely file an appellate brief. *See Matter of the Estate of Mattson,* 99 Idaho 24, 576 P.2d 1058 (1978). With all due respect to the district court, however, we disagree with its determination that no appellate brief was filed. The "appeal" and the "appeal-supplemental" plainly constituted Sivak's written argument as to why he had filed a notice of appeal. As such, these documents constitute a brief—albeit inartfully drafted and not fully conforming to the requirements of I.R.C.P. 83(v).

Nonetheless, this brief did not present any issues appropriate for appellate review. It asked the district court to search the record to determine how the magistrate had erred, and it made the conclusory assertion that the magistrate was prejudiced. Appellate courts will not presume error occurred below. *State v. Murinko,* 108 Idaho 872, 702 P.2d 910 (Ct.App. 1985). An appellate court need not address invitations to search the record or vague assertions of prejudice unsupported by specific facts. I.A.R. 35(a); *Drake v. Craven,* 105 Idaho 734, 672 P.2d 1064 (Ct.App.1983). *See also Harmston v. Agro–West, Inc.,* 111 Idaho 814, 727 P.2d 1242 (Ct.App.1986) ("bare claim of misconduct is not sufficient to constitute reversible error"). Accordingly, the district court would have been entitled to affirm the magistrate's order dismissing the petition for writ of habeas corpus.

Sivak urges one new issue in his appeal to this Court. He now contends he was mentally impaired when he drafted his petition for writ of habeas corpus. We will not address issues raised for the first time on appeal to this Court. *Johnson Equip-*

*ment v. Nielson,* 108 Idaho 867, 702 P.2d 905 (Ct.App.1985).

The order of the district court, allowing the magistrate's order to stand, reached the correct result, although upon an erroneous theory. Therefore, it will be upheld on the correct theory. *Davis v. Davis,* 114 Idaho 170, 755 P.2d 3 (Ct.App.1988). The order is affirmed. No costs or attorney fees awarded.