769 P.2d 1131

**Lacey SIVAK, Petitioner–Appellant,**

v.

**ADA COUNTY, Respondent.**

**No. 17588.**

Court of Appeals of Idaho.

Feb. 28, 1989.

Petition for Review Denied May 17, 1989.

Lacey Sivak, pro se.

No appearance by respondent.

**PER CURIAM.**

Lacey Sivak, a prison inmate formerly confined in the Ada County jail, appeals a district court decision upholding a magistrate's order dismissing his petition for writ of habeas corpus. The petition alleged that, during his confinement in the Ada County jail, Sivak had been inadequately fed because his weight decreased by two or three pounds during a one-month period. Because no evidentiary hearing was conducted, we will accept this factual allegation as true. *Mahaffey v. State,* 87 Idaho 228, 392 P.2d 279 (1964).

Judicial relief from lawful confinement is available when the conditions of confinement result in cruel and unusual punishment within the meaning of the Eighth Amendment. Here, we agree with the magistrate's implicit determination that Sivak failed to allege a dietary deprivation sufficiently serious to constitute cruel and unusual punishment. The Eighth Amendment is not implicated by every inmate complaint about the conditions of confinement. The courts are not super-administrators of the prison system. *Wilson v. State,* 113 Idaho 563, 746 P.2d 1022 (Ct. App.1987).

The district court upheld the magistrate's judgment upon a theory of mootness, which need not be explored here. It is sufficient for us to hold, as we do, that the Eighth Amendment predicate for judi-

cial relief was not established in Sivak's petition.

The order upholding the judgment is affirmed. Costs to respondent.