769 P.2d 1137

**Lacey SIVAK, Petitioner–Appellant**

v.

**STATE of Idaho, Respondent.**

No. 17708.

Court of Appeals of Idaho.

March 7, 1989.

Lacey Sivak, pro se.

No appearance by respondent.

BURNETT, Judge.

This is an appeal from a district court decision upholding a magistrate's dismissal of a petition for a writ of habeas corpus. We reverse the decision and remand the case.

Lacey Sivak filed a petition alleging that he was in custody at the Ada County jail, that county officials were depriving him of adequate medical care, and therefore, that he was being subjected to cruel and unusual conditions of confinement. The Petition was captioned "In the matter of the application of LACEY SIVAK for a Writ of Habeas Corpus." Sivak also filed a "supplement" to the petition, enlarging upon his factual allegations. The "supplement" was captioned "LACEY SIVAK, Petitioner vs. THE STATE OF IDAHO, Respondent," and it contained a case number assigned by the court clerk to the original petition. The magistrate then ordered the "State of Idaho" to file a response to several of Sivak's allegations. Instead, the state filed a motion to dismiss, averring simply that Sivak was not in the custody of the "State of Idaho," but was at the Ada County jail. The magistrate granted the motion to dismiss. The district court, noting that the "supplement" to the petition had designated the "State of Idaho" as the respondent, affirmed the dismissal.

Sivak argues that he obtained the caption of the "supplement" from the court clerk and, in any event, that the magistrate erred by directing the "State of Idaho" to file a response. However, we need not decide whom to blame for the procedural confusion in this case. A more fundamental point is involved. Pleadings in civil cases are judged by content, not by label or form. *Cf. St. Benedict's Hospital v. County of Twin Falls*, 107 Idaho 143, 686 P.2d 88 (Ct.App.1984) (pleading labeled as "complaint" may be treated as proper "petition for judicial review" of administrative action). Here, the original petition, and the body of the "supplement" to the petition, repeatedly alleged that Sivak was in the custody of Ada County officials. Consequently, the state was correct when it informed the court that it did not have custody of Sivak, but this information was irrelevant to the gravamen of Sivak's pleadings. The case should not have been dismissed on this basis. The order of dismissal must be set aside.

As guidance on remand, we note that after the events at issue here, Sivak was returned from the county jail to the Idaho State Correctional Institution. If a question of mootness is raised on remand because of this change of custody, the magistrate is directed to determine whether any of Sivak's allegations, if true, would carry collateral consequences for him or whether

the public interest exception to the mootness doctrine would be applicable.

The decision of the district court, upholding the magistrate's order of dismissal, is reversed. The case is remanded for proceedings consistent with this opinion. No costs or attorney fees on appeal.

WALTERS, C.J., concurs.

SWANSTROM, Judge, dissenting.

I concur with the majority's holding that Sivak's petition should not have been dismissed by the magistrate because of a mix-up in the caption of the case. Nevertheless, since that dismissal occurred the action has become moot. For the past nine months, by Sivak's admission, he has been in custody of the Board of Correction at the Idaho State Correctional Institution. There is no reason to believe from the present record in this appeal that Sivak's complaints about deficiencies in his medical treatment at the Ada County jail have anything to do with present conditions of his confinement and treatment at ISCI. Realistically, Sivak's allegations carry no implication of collateral consequences that need to be addressed on remand. Accordingly, on grounds of mootness, I would affirm the decision of the district court.