977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lacey Mark SIVAK, Plaintiff-Appellant,
v.
Shannon CLUNEY; Dana Cummings, Defendants-Appellees.
 No. 91-35236.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 5, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sivak, an Idaho state prisoner, appeals pro se a summary judgment entered by the district court on his 42 U.S.C. § 1983 claim. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Sivak presents two contentions. First, he contends that two prison officers, Cluney and Cummings, violated his Eighth Amendment rights when they used excessive force while attempting to handcuff him. Second, Sivak contends that the hearing officer at his subsequent prison disciplinary hearing denied him due process of law by refusing Sivak's request prior to his hearing to obtain certain evidence used against him.
 
 
 4
 On September 26, 1989, Sivak was housed in the maximum security wing of the Idaho State Correctional Institution. At approximately 9 a.m., Cluney and Cummings discovered contraband during a search of Sivak's cell. They returned at 11:30 a.m. to conduct another search. Following routine security procedures, the officers told Sivak to put his hands through an opening slot in his cell door, called the "bean slot," so that the officers could handcuff him. Sivak had a cigarette butt cupped in his left hand as he placed his hands through the slot. Sivak was not permitted to have tobacco pursuant to prison policies and procedures.
 
 
 5
 It is undisputed that after Sivak's left wrist was cuffed, he attempted to pull his hand back through the slot. After a struggle, Sivak put both hands through the slot and the officers handcuffed him. Sivak contends that the officers tightly gripped his left wrist and that he pulled his arm back in reaction to the pain. The officers argue that Sivak pulled his arm back after one of the guards asked him to open his hands.
 
 
 6
 The only physical signs resulting from the struggle were scrapes and scratches on Sivak's upper left arm. Sivak contends that the incident has caused him psychological trauma and has left in him fear of his personal safety. Officer Cummings sustained some injuries to his hand.
 
 
 7
 After the incident, Sivak was issued several disciplinary offense reports. Sivak requested additional material referenced in the report charging him with assaulting Cummings by pulling the guard's hands through the slot. The hearing officer refused. The material was read into the record at Sivak's disciplinary hearing.
 
 
 8
 A grant of summary judgment is reviewed de novo. Lippi v. City Bank, 955 F.2d 599, 604 (9th Cir.1992). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Lippi, 955 F.2d at 604.
 
 
 9
 The use of excessive force by a prison official constitutes a violation of the Eighth Amendment. See Hudson v. McMillian, 112 S.Ct. 955, 998 (1992); Spain v. Procunier, 600 F.2d. 189, 194 (9th Cir.1979). Determining whether there has been an Eighth Amendment violation turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 112 S.Ct. at 999. Relevant factors to consider include the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury suffered by the inmate. See id.
 
 
 10
 Officers Cluney and Cummings supported their motion for summary judgment with affidavits containing factual statements establishing that the use of force was justified and that no more force than necessary was used. Sivak did not submit any affidavit in response. Sivak therefore has failed to establish a genuine issue of material fact sufficient to preclude summary judgment on his Eighth Amendment claim.
 
 
 11
 Sivak also contends that the hearing officer deprived him of his right to due process of law. Prison disciplinary hearings must comport with minimum procedural due process requirements. See Wolff v. McDonnell, 418 U.S. 539, 558 (1974). An inmate facing disciplinary action must receive (1) advance written notice of the disciplinary charges; (2) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action, and (3) a limited right to call witnesses and to present documentary evidence, if permitting him to do so is consistent with institutional safety and correctional goals. See id. at 564-67.
 
 
 12
 It is undisputed that the hearing officer satisfied all of the specific requirements of Wolff in this case. We disagree with Sivak that Wolff required the hearing officer in this case to do more. The Court in Wolff specifically declined to extend all of the parole procedures established in Morrissey v. Brewer, 408 U.S. 471, 489 (1972), to prison disciplinary proceedings. See Wolff, 418 U.S. at 571. In particular, the Court did not impose the requirement that prison officials disclose to the parolee all of the evidence against him. The reports delivered to Sivak contained adequate notice as well as a description of the relevant facts on which the charges were based. We therefore conclude that Sivak's Fourteenth Amendment rights were not violated.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3