988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lacey Mark SIVAK, Plaintiff-Appellant,
v.
Derek BUTLER; Steven Shayne; Lisa Cates; Dave Paskett,
Warden, Defendants-Appellees.
 No. 92-36570.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the District of Idaho, No. CV-90-233-MHW; Mikel H. Williams, Magistrate, Presiding.
 D.Idaho
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lacey Sivak, an Idaho state prisoner, appeals pro se the district court's summary judgment in Sivak's 42 U.S.C. § 1983 action against several Idaho state prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Sivak filed a civil rights complaint against correctional officer Derek Butler, lieutenant Steven Shayne, administrative assistant Lisa Cates, and warden Dave Paskett alleging they deprived Sivak of his constitutional rights while Sivak was being transferred from Idaho State Correctional Institution ("ISCI") to Idaho Maximum Security Institution ("IMSI"). The complaint alleged the prison officials violated state protective orders and violated Sivak's constitutional rights by depriving him of his property when Sivak's property was boxed and transferred to IMSI. The district court granted summary judgment for the prison officials. Sivak timely appeals.
 
 II
 Merits
 A. Protective Order
 
 5
 A plaintiff may bring an action for civil rights violations under 42 U.S.C. § 1983 by demonstrating that defendants, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. 42 U.S.C. § 1983; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 6
 Here, Sivak alleged the prison officials deprived him of his constitutional rights by violating five Idaho state court orders protecting Sivak's files during his transfer between prisons.[1] Nevertheless, as the district court properly held, Sivak failed to allege facts or offer evidence showing that the violation of state protective orders implicated a right, privilege, or immunity protected by the United States constitution.[2] See id. Thus, summary judgment was proper on this claim.
 
 B. Misplaced Property
 1. Negligence
 
 7
 Negligent destruction of personal property is not actionable under section 1983. Daniels v. Williams, 474 U.S. 327, 331-32 (1981). Here, Sivak alleged the prison officials violated prison policy and his constitutional rights because he did not receive all of the property from his ISCI cell when he arrived at IMSI. Nevertheless, Sivak alleged merely that he did not receive all of his property, not that Butler or another prison official intentionally destroyed or misplaced it. Because negligence is not actionable under section 1983, summary judgment was proper on this claim. See id.
 
 2. Eighth Amendment
 
 8
 The Eighth Amendment prohibits the infliction of "cruel and unusual punishment" upon inmates. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986).
 
 
 9
 Sivak alleged the prison officials inflicted wanton and unnecessary pain on him by removing personal and medically authorized property from his ISCI cell. The evidence indicated the prison officials removed clothing and linens that Sivak had torn into strips from Sivak's cell because it was considered contraband.[3] Such removal comported with the Eighth Amendment because it was not "so totally without penological justification that it result[ed] in the gratuitous infliction of suffering." See Gregg v. Georgia, 428 U.S. 153, 183 (1976). Thus, summary judgment was proper. See Whitley, 475 U.S. at 319.
 
 
 10
 C. Claims Against Shayne, Cates, and Paskett
 
 
 11
 A plaintiff bringing a section 1983 action against a state official may not base liability on a theory of respondeat superior. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984). Thus, liability under section 1983 arises only upon a showing that the defendant personally participated in the acts. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor of a subordinate who violates a plaintiff's constitutional rights is liable only if the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.
 
 
 12
 Here, Sivak did not allege that either Shayne, Cates, or Paskett was personally involved in the inventory or transfer of his property.[4] Nor did Sivak allege that Paskett knew of or directed any confiscation or destruction of Sivak's property. Thus, the district court properly granted summary judgment on the claims against Shayne, Cates, and Paskett. See id.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court noted that although no state court protective orders are of record in this case, Sivak did obtain at least one protective order. See Sivak v. Idaho, 804 P.2d 940 (1991). There, the Idaho state court held an evidentiary hearing following Sivak's motion in state court alleging the protective order was violated. The Idaho court found that the protective order was not violated, and this finding was upheld on appeal
 
 
 [2]
 Sivak can obtain relief for violation of a state protective order from the court that issued the order. Sivak failed to allege that he was prevented from doing so. He also failed to present any facts showing the violation amounted to a constitutional claim of denial of access to the courts
 
 
 [3]
 Sivak did not offer evidence of the extent of any injury he allegedly suffered
 
 
 [4]
 Although Sivak alleged Cates delayed the transfer of his property from ISCI, there was no evidence to support the allegation. Moreover, Sivak's allegation that Cates purchased new property to replace some of Sivak's property that was missing following his transfer does not establish a section 1983 claim