995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lacey Mark SIVAK, Plaintiff-Appellant,
v.
Alfred Ivan MURPHY; Kelly Mutch, Defendants-Appellees.
 No. 92-35185.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lacey Mark Sivak appeals from the district court's order adopting the magistrate's recommendations and granting summary judgment to all defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Sivak, an incarcerated Idaho state prisoner, filed this section 1983 action against three Idaho prison officials alleging that they violated his Eighth Amendment rights against cruel and unusual punishment. Specifically, Gilmore is alleged to have deprived Sivak of necessary vitamin pills during an August 24, 1987 search of his cell. Murphy allegedly instructed staff at the correctional facility where Sivak was incarcerated in 1987 that if they helped Sivak with his medical or legal problems they would be fired. Mutch allegedly deprived Sivak of necessary medical care.
 
 
 4
 The magistrate recommended that summary judgment be granted to Gilmore and Murphy because Sivak's claims were barred by res judicata. The magistrate further recommended that summary judgment be granted to Dr. Mutch because Mutch did not deny Sivak necessary medical care. Sivak excepted to the recommendation of the magistrate. The district court agreed with the magistrate and entered an order granting summary judgment to the three defendants. Sivak appeals.[1]
 
 A. Res Judicata
 
 5
 We review grants of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party and determining whether any genuine issue of material fact exists and whether the district court correctly applied the law. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). The magistrate determined that the issue of Gilmore's seizure of medically necessary items from Sivak's cell had been litigated in a December 1990 jury trial. The court directed a verdict for Gilmore in that case. Because the issue was actually litigated and was necessary to the determination of the prior litigation, res judicata applies. See Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992). The 1990 judgment prevents Sivak from raising the same issue against Gilmore again. One purpose of the res judicata doctrine is to protect defendants from persistent complaints about issues that have already been decided by the courts.
 
 
 6
 The magistrate also found that the issue of Murphy's instruction to the staff to deny assistance to Sivak was resolved against Sivak in the 1990 case. Res judicata also applies to the claim against Murphy.
 
 B. Denial of Medical Care by Dr. Mutch
 
 7
 In order to maintain a section 1983 action for an Eighth Amendment violation by way of a denial of medical care, Sivak must show Dr. Mutch acted with "deliberate indifference to a serious medical need" of Sivak's. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 8
 The evidence offered by Sivak falls far short of showing that his medical needs allegedly left untreated in 1987 were "serious." The hemorrhoids, recurrent folliculitis and pilonidal cyst which Sivak suffered at the time may have been painful, but they were not serious threats to his long-term health. The short periods without treatment do not equate with a deprivation of constitutional rights.
 
 
 9
 To the extent that Sivak was seriously injured by the bomb detonated by another inmate in Sivak's cell, he does not show deliberate indifference by Dr. Mutch with regard to the injury to his hearing. The evidence shows that Sivak was treated promptly after the bomb blast and that his hearing loss was untreatable at the time. There is no genuine issue of material fact requiring a trial on Sivak's Eighth Amendment claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lacey Mark Sivak has appealed orders and decisions of the district court to the Ninth Circuit no less than ten times prior to this appeal. See Sivak v. Butler, No. 92-36570 (9th Cir. Mar. 1, 1993) (unpublished); Sivak v. Cluney, No. 91-35236 (9th Cir. Oct. 5, 1992) (unpublished); Sivak v. Gilmore, Nos. 91-35230, 91-35602 (9th Cir. Sep. 29, 1992) (unpublished); Sivak v. Dennard, No. 90-35824 (9th Cir. Dec. 24, 1991) (unpublished); Sivak v. Kienzle, No. 88-3895 (9th Cir. Sep. 5, 1989) (unpublished); Sivak v. Smith, No. 88-4051 (9th Cir. Sep. 5, 1989) (unpublished); Sivak v. Gilmore, No. 87-4426 (9th Cir. Jun. 22, 1989) (unpublished), Sivak v. Murphy, No. 87-3992 (9th Cir. Dec. 19, 1988) (unpublished); Sivak v. Castiglione, No. 85-4365 (9th Cir. Apr. 26, 1988) (unpublished); Sivak v. Castiglione, No. 85-4365 (9th Cir. May 12, 1987) (unpublished). If Sivak suffers a serious deprivation of his constitutional rights in prison some day, he may not be able to convince the magistrate, the district court or this court of this fact because of his incessant litigation over relatively trivial matters. Cf. Aesop's Fables, "The Boy Who Cried Wolf."