67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lacey Mark SIVAK, Plaintiff-Appellant,
v.
Kelly MUTCH, Dr.; R. Frosheisar; Charles Steuart, Dr.; et
al., Defendants-Appellees.
 No. 93-36014.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1995.*
Decided Sept. 25, 1995.
 
 1
 Before: BEEZER and HAWKINS, Circuit Judges, and TEVRIZIAN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lacey Sivak appeals the district court's order granting summary judgment in favor of all defendants in Sivak's civil rights suit. Our jurisdiction is under 28 U.S.C. Sec. 1291. We affirm.
 
 I.
 
 4
 Sivak was attacked and beaten by another inmate in the Ada County jail. He sued Doctors Mutch and Steuart ("the Doctors"), alleging that they failed to treat adequately the injuries he sustained and ignored his other medical problems. The district court, applying the standards enunciated in Estelle v. Gamble, 429 U.S. 97, 103-05 (1976), determined that Sivak failed to present sufficient evidence of deficient medical care to avoid summary judgment.
 
 
 5
 We agree with the district court that Sivak's general allegations that "there wasn't very much care given" and "the care given was inadequate," do not present a genuine issue regarding the medical care administered. In contrast to Sivak's statements, the Doctors submitted affidavits describing their diagnoses and the extent of treatment Sivak received. Although Sivak may disagree with the Doctors' conclusions, this "difference of opinion does not amount to a deliberate indifference to [Sivak's] serious medical needs." See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). The district court properly granted the Doctors' summary judgment motion.
 
 II.
 
 6
 Sivak also challenges the district court's grant of summary judgment in favor of the Ada County Sheriff and several county jail personnel (the "County defendants"). In his complaint, Sivak alleged that the County defendants failed to protect him from an inmate with a known propensity toward violence, improperly placed Sivak in lockdown status, prevented him from obtaining adequate medical care, and failed to return some of his property when he was moved from the jail back to the Idaho State Correctional Institute ("ISCI").
 
 A. Failure to Protect
 
 7
 The defendants urge this Court to hold that Sivak's lawsuit was time-barred under the Idaho's two-year statute of limitations. Idaho Code Secs. 5-219 and 6-911. See Hallstrom v. City of Garden City, 991 F.2d 1473, 1476 (9th Cir.) (holding that Idaho's personal injury statute of limitations applies to Sec. 1983 actions), cert. denied, 114 S.Ct. 549 (1993). Sivak's cause of action regarding the County defendants' failure to protect him from Frederick Lee arose on the date of the assault: November 3, 1987. This lawsuit was not filed until November 7, 1989, more than two years later.[1] Therefore, with regard to Sivak's failure to protect claim, we agree with the County defendants that dismissal was appropriate. Although the district court did not dismiss this claim under the statute of limitations, its order dismissing the lawsuit following its entry of summary judgment was sufficiently broad to encompass this claim. We can affirm the summary judgment grant on any grounds supportable by the record. United States v. Hemmen, 51 F.3d 883, 891 (9th Cir.1995). The district court properly dismissed this claim.
 
 
 8
 The remaining claims in the complaint, however, did not accrue until later. Sivak complains of a continuous course of conduct that occurred between November 3, 1987 and May 20, 1988. The statute of limitations had not run on these claims; the district court properly declined to dismiss them as time-barred.
 
 B. Lockdown Status
 
 9
 After Sivak returned from the hospital, the County defendants placed him on twenty-three hour lockdown, or "administrative segregation." The County defendants contend this action was necessary, not only to monitor Sivak's medical condition, but to protect him from the other inmates.
 
 
 10
 Recently, the Supreme Court clarified the standards applicable to due process claims made by inmates. Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995). The Court held that disciplinary segregation does not implicate the Due Process Clause unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. Since "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," Hewitt v. Helms, 459 U.S. 460, 468 (1983), Sivak's lockdown status does not impose on him "atypical or significant hardship." Accordingly, because there is "some evidence" supporting the County defendants' decision to impose the lockdown, the district court correctly ruled as a matter of law that it does not violate the Due Process Clause. See Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). The court did not err by granting summary judgment on the lockdown claim.
 
 
 11
 C. Medical Care Claims Against the County Defendants
 
 
 12
 Summary judgment on Sivak's medical care claims against the County defendant was proper for two reasons. First, as discussed supra, part II., Sivak failed to adequately demonstrate that the medical attention he received from the Doctors was constitutionally deficient. Second, when the County defendants' conduct is evaluated under the Estelle standard, 429 U.S. at 103-05, it is evident that they did not display deliberate indifference toward Sivak's medical needs. There is no indication that the County defendants intentionally denied, delayed or interfered with Sivak's prescribed medical treatment. See Hutchinson v. United States, 838 F.2d 390, 392-94 (9th Cir.1988).
 
 D. Property Loss
 
 13
 Sivak also alleged that he lost some of his property when he was transferred from the jail back to ISCI. The district court correctly ruled that summary judgment was appropriate under Parratt v. Taylor, 451 U.S. 527 (1981). In that case, the Supreme Court determined that, although the prison officials' negligent loss of an inmate's personal property was a deprivation of a protected property interest, that deprivation was not unconstitutional because available state remedies provided all process necessary. Id. at 537, 543-43. Sivak has not shown that the County defendants intentionally lost his property or that the available state remedies were defective. See Ausley v. Mitchell, 748 F.2d 224, 225 (4th Cir.1984) (a "straightforward application" of Parratt precluded a due process claim for property deprivation where prison grievance remedy was available).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and Ninth Circuit Rule 34.4
 
 
 **
 The Honorable Dickran M. Tevrizian, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sivak cannot claim that the statute of limitations was tolled as a result of his incarceration. Idaho Code Sec. 5-230, amended by 1993 Idaho Sess.Laws ch. 120, Sec. 1 (effective Mar. 22, 1993), only allowed imprisonment as a tolling disability for sentences "for a term less than for life." Although Sivak was temporarily unsentenced when he was attacked, his conviction of first degree murder only permitted two possible sentences: life in prison or death. Since Sivak could not have been sentenced "for a term less than for life," the tolling provision is inapplicable