950 P.2d 257

**Lacey SIVAK, Petitioner—Appellant,**

v.

**STATE of Idaho, James Spalding, Joseph Klauser, Pam Sonnen, James Barker and John Weirum, Respondents.**

No. 23724.

Court of Appeals of Idaho.

Nov. 17, 1997.

Lacey Sivak, Boise, pro se appellant.

Alan G. Lance, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Lacey Sivak appeals from a decision of the district court which dismissed his appeal from an order by the magistrate granting summary judgment in favor of the state on his petition for a writ of habeas corpus. The magistrate also imposed sanctions upon Sivak for his continual abuse of the court processes and dismissed three other stayed habeas corpus proceedings. Sivak was given thirty days to respond to this judgment and order. Thereafter, the magistrate issued a final order reaffirming its prior decision in all respects on October 21, 1996. For the reasons stated below, we affirm.

## I

## FACTS AND PROCEDURAL BACKGROUND

Sivak has been in the custody of the Idaho Department of Corrections since 1981, and is currently incarcerated on death row for several crimes, including first degree murder. Sivak has a long history of litigation in state and federal courts, having filed numerous habeas corpus petitions in both venues. Twelve such cases are contained in the Idaho Reports after consideration by the court of appeals.[1] In a federal case, *Sivak v. Wilson,* CV 93–081–S–EJL (Idaho D.C.1993), Sivak was denied the right to file any more cases with that court without first obtaining its leave, following twenty-six previous pro se filings.

Sivak filed a petition for habeas corpus relief on May 14, 1996, asserting, *inter alia,* that personal items were taken from his cell, that a blanket of his was returned soiled with juice, that his disciplinary hearings were conducted improperly, that "off the wall comments" regarding women's clothing found in his cell were made in his presence and that there were other violations of Department of Corrections policies and procedures. Sivak requested a hearing, compensation for the allegedly stolen/missing personal items, and a further determination that his continued incarceration is unconstitutional.

On May 21, 1996, the magistrate entered a conditional order of dismissal unless, within twenty days, Sivak could demonstrate "that the facts alleged, even if true, lead to any colorable constitutional claim." On May 24, 1996, the state filed a motion to dismiss, or alternatively, a motion for summary judgment.

The magistrate entered its initial order granting summary judgment and imposing sanctions on August 21, 1996. This summary judgment order found, generally: (1) that Sivak's vague allegations of retaliation were not sufficient to require a hearing; (2) that ordinary instances of prison discipline cited

---

1. See *Sivak v. State,* 119 Idaho 211, 804 P.2d 940 (Ct.App.1991); *Sivak v. Ada County,* 118 Idaho 193, 795 P.2d 898 (Ct.App.1990); *Sivak v. Ada County,* 115 Idaho 766, 769 P.2d 1138 (Ct.App. 1989); *Sivak v. State,* 115 Idaho 765, 769 P.2d 1137 (Ct.App.1989); *Sivak v. Ada County,* 115 Idaho 762, 769 P.2d 1134 (Ct.App.1989); *Sivak v. State,* 115 Idaho 760, 769 P.2d 1132 (Ct.App. 1989); *Sivak v. State,* 115 Idaho 757, 769 P.2d 1129 (Ct.App.1989); *Sivak v. Ada County,* 115 Idaho 759, 769 P.2d 1131 (Ct.App.1989); *Sivak v. Ada County,* 115 Idaho 760, 769 P.2d 1132 (Ct. App.1989); *Sivak v. State,* 114 Idaho 271, 755 P.2d 1309 (Ct.App.1988); *Sivak v. State,* 112 Idaho 127, 730 P.2d 1047 (Ct.App.1986); *Sivak v. State,* 111 Idaho 118, 721 P.2d 218 (Ct.App. 1986).

by Sivak do not create constitutional due process issues; (3) that Sivak's allegations regarding missing personal property were not proper habeas corpus issues; and (4) that all other issues raised by Sivak were not significant enough to require a response. In its order of dismissal, the magistrate also quoted from one of the Ninth Circuit's unpublished opinions, *Sivak v. Murphy*, 995 F.2d 233 (9th Cir.1993):

> Lacey Mark Sivak has appealed orders and decisions of the district court to the Ninth Circuit no less than ten times prior to this appeal. See *Sivak v. Butler*, No. 92–36570, 1993 WL 51833 (9th Cir. Mar. 1, 1993) (unpublished); *Sivak v. Cluney*, No. 91–35236, 1992 WL 259239 (9th Cir. Oct. 5, 1992) (unpublished); *Sivak v. Gilmore*, Nos. 91–35230, 91–35602, 1992 WL 246038 (9th Cir. Sep. 24, 1992) (unpublished); *Sivak v. Dennard*, No. 90–35824, 1991 WL 275338 (9th Cir. Dec. 24, 1991) (unpublished); *Sivak v. Kienzle*, No. 88–3895, 1989 WL 106658 (9th Cir. Sep. 5, 1989) (unpublished); *Sivak v. Smith*, No. 88–4051, 1989 WL 106671 (9th Cir. Sep. 5, 1989) (unpublished); *Sivak v. Gilmore*, No. 87–4426, 1989 WL 69387 (9th Cir. Jun. 22, 1989) (unpublished); *Sivak v. Murphy*, No. 87–3992, 1988 WL 141364 (9th Cir. Dec. 19, 1988) (unpublished); *Sivak v. Castiglione*, No. 85–4365, 1988 WL 40560 (9th Cir. Apr. 26, 1988) (unpublished); *Sivak v. Castiglione*, No. 85–4365 (9th Cir. Mar. 1, 1993) (unpublished). If Sivak suffers a serious deprivation of his constitutional rights in prison some day, he may not be able to convince the magistrate, the district court, or this court of this fact because of his incessant litigation over relatively trivial matters. Cf. *Aesop's Fables*, "The Boy Who Cried Wolf."

1993 WL 188334, at *2, n. 1 (emphasis added).[2] Sivak was given thirty days to respond to the magistrate's proposed order and sanctions.

On October 21, 1996, the magistrate entered its "Final Orders In Pending Cases," noting that, in the interim, Sivak had filed: (1) a motion for witnesses and evidence to be subpoenaed for a hearing, (2) a response and opposition to the court's summary judgment order and (3) a first supplement to response and opposition which "consisted mostly of veiled threats of retaliation if the court awarded attorney fees and costs as sanctions in this case." There were also filings attempted by Sivak in three other cases which had been stayed pending the court's decision in the instant case. Finally, Sivak attempted to file yet another new habeas corpus case. The magistrate approved its earlier decision and reiterated its order restricting any further filings by Sivak:

> Lacey Sivak will not be able to file, nor shall the clerk of the court have any authority to accept for filing petitions or lawsuits for habeas relief, however they are described, unless or until Sivak obtains prior leave of this court. In seeking leave of this court, Sivak must certify that the claims he wishes to present are brought in good faith, and have not been raised before. Upon false certification, petitioner may be found in contempt of court and punished accordingly.[3]

---

2. We note that, not surprisingly, since *Sivak v. Murphy*, Sivak has appealed three more cases to the Ninth Circuit Court of Appeals. See *Sivak v. Mutch*, No. 93–36014, 1995 WL 566933 (9th Cir. Sep. 25, 1995) (unpublished) (Holding that Sivak's general allegations that "there wasn't much care given" and that "care given was inadequate" do not present a genuine issue regarding the medical care administered); *Sivak v. Wilson*, No. 95–35118, 1995 WL 696460 (9th Cir. Nov. 24, 1995) (unpublished) (holding that Sivak failed to state a claim when he alleged that he was denied access to a photocopier, and that Sivak's claim concerning access to a typewriter was barred by res judicata); *Sivak v. Wilson*, No. 93–36105, 1995 WL 697197 (9th Cir. Nov. 24, 1995) (unpublished) (holding that Sivak's allegations about lost legal property were properly dismissed as precluded by res judicata, and that Sivak's claims regarding access to the courts were properly dismissed as frivolous). This gives Sivak the ignominious distinction of having presented a grand total of 14 habeas corpus appeals before the Ninth Circuit.

3. We pause here to acknowledge Ada County Magistrate Charles Hay for his thorough and well-documented decision on this issue, adopting the federal court's procedures used in *Sivak v. Wilson* cited on page 258 of this opinion, and the criteria set forth in *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir.1990). However, since the propriety of these sanctions has not been raised or briefed on appeal, we need not address that issue herein.

Sivak filed his notice of appeal and appeal brief to the district court on February 21, 1997. The district court entered its decision dismissing Sivak's appeal on March 11, 1997, noting that, regardless of which order of the magistrate was counted as the final order, Sivak's notice of appeal was untimely because it was filed more than forty-two days from either order. Furthermore, the district court noted that Sivak raised no issues on appeal which merited a review of the magistrate's orders nor necessitated a response from the state. Sivak timely appealed the district court's dismissal of his appeal.

## II

## ANALYSIS

### A. Standard Of Review.

■ On appeal from a decision made in a habeas corpus case by the district court in its appellate capacity, this Court examines the magistrate's decision independently of, but with due regard for, the district court's decision. *State v. Bitt,* 118 Idaho 584, 585 n. 1, 798 P.2d 43, 44 n. 1 (1990); *Craig v. State,* 123 Idaho 121, 123, 844 P.2d 1371, 1373 (Ct. App.1992).

### B. The District Court Erred In Dismissing Sivak's Appeal For Untimeliness.

■ Because the filing of a timely appeal is jurisdictional, we must first address the district court's holding that Sivak did not file his appeal to the district court in a timely fashion. The district court found that Sivak's notice of appeal from the final order of October 21, 1996, was not filed until February 21, 1997, well past the forty-two day jurisdictional time period. Accordingly, the district court held the appeal was untimely as a matter of law and must be dismissed.

Clearly, Sivak's notice of appeal comes well past the forty-two day deadline for appeals provided in Idaho Appellate Rule 14(a). However, Sivak has alleged that he did not receive a copy of the magistrate's final order from which he could file a timely appeal. The record reveals that there was no clerk's cer-

tificate of mailing verifying that the October 21, 1996, final order was properly and timely mailed to Sivak. In the absence of evidence to the contrary, we must accept as true Sivak's allegation that he did not receive the October 21 order in time to file an appeal. In light of this finding, Sivak's appeal was not untimely and the district court erred in dismissing it on this ground.

We will now address the "merits" of Sivak's appeal.

### C. The Magistrate Court Did Not Err In Dismissing Sivak's Petitions Without Requiring The State To File A Return.

■ It is well settled that a court may dispose of a petition for a writ of habeas corpus "as the justice of the case may require." *Brennan v. State,* 122 Idaho 911, 917, 841 P.2d 441, 447 (Ct.App.1992), *quoting Mahaffey v. State,* 87 Idaho 228, 231, 392 P.2d 279, 280 (1964). It is not an abuse of discretion for a magistrate court to dismiss a petition for habeas corpus without requiring the state to file a return. *Brennan* at 917, 841 P.2d at 447. The magistrate considered all pleadings filed by Sivak in this case and did not abuse his discretion by dismissing the petitions without requiring a formal return by the state.

### D. Sivak Does Not Raise Any Issues That Justify Habeas Corpus Relief (Or,"Much Ado About Almost Nothing").

The Magistrate granted summary judgment to the state on Sivak's petition for a writ of habeas corpus. On appeal we adhere to the standard of review applicable to summary judgments generally. *See Lopez v. State,* 128 Idaho 826, 919 P.2d 355 (Ct.App. 1996).

■ Sivak appears to have roughly four distinct habeas claims,[4] all of which are trivial and/or fail to form the basis for legitimate habeas corpus relief:

(1) Offensive comments by a correctional officer regarding, *inter alia,* women's clothing found in Sivak's cell;

---

4. Because Sivak's disjunctive and disordered briefs are written in a *stream-of-consciousness* style, it is impossible to delineate with exact specificity what his claims are.

(2) An unjustified laundry bill Sivak received after a disciplinary hearing;

(3) Vague threats of retaliation whenever Sivak attempts to report allegedly improper conduct of the prison staff, verbal altercations, confrontations, etc.

(4) Personal property loss totaling $49.01, and consisting of clothing, washcloths and a laundry bag.

Indeed, Sivak's claims are a paradigm of the doctrine *de minimus non curat lex*, that the law does not care for or take notice of very small or trifling matters. *See, e.g., Sivak v. State*, 111 Idaho 118, 121, 721 P.2d 218, 221 (Ct.App.1986) (holding that the Department of Corrections' retention, pursuant to new departmental rules, of Sivak's gym trunks, deck of playing cards, photograph albums, rubber ball, pair of sweat pants and, perhaps, other items did not rise to constitutional dimensions and thus did not violate inmate's due process rights.)

■ Sivak's first and third claims allege that a correctional officer made offensive comments regarding items found in Sivak's cell, and that Sivak received some vague threats of retaliation from the prison warden anytime he attempted to report allegedly improper actions of prison staff. Sivak does not allege that he suffered any specific, tangible harm, nor does he claim that the alleged threats or comments have ever ripened into actual retaliation or had a chilling effect upon his access to the courts. Furthermore, it is well settled that the allegations of verbal harassment and embarrassment are not constitutional violations. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) ("[v]erbal harassment or abuse [of a prisoner]...is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (holding that prisoner's allegations of threats allegedly made by guards failed to state a cause of action); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sum nom., Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) (holding that prisoner's allegations of harassment, embarrassment, and defamation fail to state a claim cognizable under 42 U.S.C. § 1983). Sivak's claim that these so-called threats and allegedly offensive comments justify an evidentiary hearing and appropriate relief is without merit.

■ Next, regarding Sivak's second and fourth claims that go to the issue of property loss, this Court has previously established in *Sivak v. State*, 111 Idaho 118, 721 P.2d 218 (1986), that although the appellate and lower courts possess jurisdiction to determine the property rights of inmates, "a writ of habeas corpus is not the remedy for the return of property." *Sivak* at 120, 721 P.2d at 220.

■ In addition to the aforementioned case precedent compelling dismissal of Sivak's claims, we also note that the United States Supreme Court's opinion in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), sets forth the standard in determining whether an inmate has a protected liberty interest under the Fourteenth Amendment of the United States Constitution, such that the inmate is then entitled to Fourteenth Amendment due process protections:

[W]e recognize that States may under certain circumstances create certain liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless *imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*

515 U.S. at 483–84, 115 S.Ct. at 2300, (emphasis added.)

The Idaho Supreme Court has recently addressed the question of what is the proper test to be applied in determining whether a prisoner has a liberty interest protected by the due process clause in Article I, Section 13 of the Idaho Constitution. In *Schevers v. State*, 129 Idaho 573, 930 P.2d 603 (1996), the Court stated: "[W]e hold that the 'atypical and significant hardship' standard used for Fourteenth Amendment Due Process Clause also applies to the Due Process Clause contained in Article I, Section 13 of the Idaho Constitution." *Schevers* at 578, 930 P.2d at 608. Accordingly, it ruled that Shevers did

not have a protected liberty interest in remaining free from disciplinary segregation.

 By a parity of reasoning, we find that none of Sivak's claims rise to the level of imposing on him an "atypical and significant hardship" sufficient to trigger a protected liberty interest under the Fourteenth Amendment of the United States Constitution or the Idaho Constitution's Due Process Clause. Sivak is not entitled to have his own personal ombudsman in the form of a sitting magistrate to review, second-guess and correct every alleged inconvenience, petty slight or subjectively perceived injury relative to the ordinary incidents of prison live. Our court system has far more important and pressing issues to resolve with its finite resources.

**E. The State Is Not Entitled to Attorney Fees On Appeal.**

The State requests that this Court award reasonable attorney fees on appeal pursuant to I.C. § 12–122, which permits attorney fees to be awarded to the respondent in a habeas corpus action if the court finds that the action was brought frivolously by the petitioner. The magistrate declined to award such fees and so does this Court.

The order of the magistrate granting summary judgment is hereby affirmed.

LANSING, C.J., and PERRY, J., concur.