764 P.2d 445

**Robert D. FREEMAN,
Petitioner–Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF
CORRECTIONS, Al Murphy, Director,
Arvon Arave, ISCI Warden, Sgt. House,
Respondents.**

**No. 17223.**

Court of Appeals of Idaho.

Nov. 1, 1988.

Robert D. Freeman, pro se.

Jim Jones, Atty. Gen. by Timothy D. Wilson, Legal Services Div., Boise, for respondents.

BURNETT, Judge.

A prison inmate, Robert D. Freeman, filed a petition for writ of habeas corpus, complaining that the Idaho Department of Corrections had taken his personal property unlawfully and had not paid for it. A magistrate denied the petition and dismissed the case, ruling that habeas corpus is not an appropriate proceeding to obtain monetary compensation. On appeal, the district court affirmed. Today, for reasons explained below, we agree that the wrong form of pleading was employed, but we hold that the case should not have been dismissed on that ground alone.

Freeman alleged in his *pro se* petition that the Department's officers had confiscated art supplies sent to him by persons outside the prison. Freeman filed a griev-

ance, claiming that the confiscation was contrary to prison policy. The warden agreed with Freeman and ordered the art supplies to be returned "if we still have them." The property was not returned; neither was Freeman compensated for the loss. For the purpose of this appeal, we will presume these averments to be true.

Habeas corpus proceedings are civil actions. They are governed by the Idaho Rules of Civil Procedure to the extent consistent with our habeas corpus statutes, I.C. §§ 19–4201 to –4236. *See* I.R.C.P. 81(a); *Jacobsen v. State*, 99 Idaho 45, 50, 577 P.2d 24, 29 (1978), *overruled on other grounds, Strove v. Wilcox*, 99 Idaho 205, 579 P.2d 1188 (1978). A petition for a writ of habeas corpus is a pleading analogous to a complaint. I.C. § 19–4202; I.R.C.P. 7(a). A complaint need contain only a concise statement of facts comprising a claim, along with a demand for relief. I.R.C.P. 8(a)(1); *Clark v. Olsen*, 110 Idaho 323, 325, 715 P.2d 993, 995 (1986). Although a petition for a writ of habeas corpus is not the proper form of pleading to claim compensation for private property taken by the state, an error in pleading does not divest the court of jurisdiction to examine the merits of the underlying claim. *Sivak v. State*, 111 Idaho 118, 120, 721 P.2d 218, 220 (Ct.App.1986). In any civil case, a mislabeled claim may be treated according to its substance. *Cf. St. Benedict's Hospital v. County of Twin Falls*, 107 Idaho 143, 686 P.2d 88 (Ct.App.1984) (pleading labeled as "complaint" may be treated as proper "petition for judicial review" of administrative action).

Freeman's petition sets forth, in substance, a claim for compensation arising from an unlawful taking of property. Because the petition alleges facts framing a cognizable claim, the case should not have been summarily dismissed. Accordingly, the district court's decision on appeal, upholding the dismissal, is reversed. The case is remanded for the magistrate to determine whether Freeman is entitled to any recovery on his claim or whether the claim is subject to other possible defenses by the state. If any civil filing or process

fees are applicable, the magistrate may require them to be satisfied before the case proceeds further.

WALTERS, C.J., and SWANSTROM, J., concur.