988 P.2d 695

Larry MARTIN, Petitioner–Appellant,

v.

James T. SPALDING, Director of the Idaho Department of Corrections; Joe Klauser, Warden of the Idaho State Correctional Institution; Captain Jeff Henry, Deputy Warden of Security; George Miller, Deputy warden of Operations; Lt. Kevin Castiglione, Disciplinary Hearing Officer; Sgt. Conant; Sgt. Everhart; Cpl. Page; Corrections Officer Cameron; Dr. Neilsen; Dr. Steuart; and Alan G. Lance, Attorney General of Idaho, Respondents.

No. 23880.

Court of Appeals of Idaho.

Dec. 15, 1998.

Review Denied June 4, 1999.

Larry J. Martin, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Michaelina Murphy, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Larry Martin, a prison inmate, appeals from a summary judgment dismissing his "petition for a writ of habeas corpus," which alleged, *inter alia*, that correctional officials deprived him of personal property without due process. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Larry Martin is a medium security inmate at the Idaho State Correctional Institution. A correctional officer issued a disciplinary offense report alleging that Martin had interfered with an inmate count. A disciplinary review officer found Martin guilty and, as punishment, ordered that Martin serve thirty days in administrative segregation.

Incident to his transfer to administrative segregation, Martin's cell was searched and his personal items inventoried. The correctional officers performing the inventory determined that Martin possessed unauthorized property. Specifically, he had more than the allowed number of certain items, including photographs, calendars, and magazines, and also possessed certain property that inmates were not authorized to possess, including envelopes with stamps on them, newspaper clippings, file folders, and other miscellaneous items. All of these items were confiscated as contraband. Martin was given the choice of mailing the contraband items out of the institution at his expense to a person of his choosing, donating the items, or having them destroyed.[1] Martin chose to donate the property. Other property that was authorized for inmates in medium security but not for those in administrative segregation was placed in storage and was returned to Martin after the thirty-day term of segregation.

Martin filed a "petition for a writ of habeas corpus" alleging that his constitutional rights were violated by the manner in which the disciplinary review was conducted, that his punishment was excessive, and that his due process and equal protection rights were violated by the taking of his property. The prayer for relief in the petition included a request for compensation for the cost of the personal possessions that were confiscated and not less than $25,000 in compensatory damages and $25,000 in punitive damages for violation of his federal constitutional rights.

---

1. The identity of the potential donee(s) is not disclosed in the record. We surmise that the donation would be made to a charitable institution.

The respondents moved for summary judgment, which the magistrate granted. With respect to Martin's disciplinary placement in administrative segregation, the magistrate held that there had been no deprivation of due process. Martin's claims for compensatory damages and injunctive relief were dismissed by the magistrate on the basis that they were beyond the court's jurisdiction. Martin appealed to the district court. At oral argument before the district court, he voluntarily dismissed all his claims except the claims that he was entitled to compensation for the taking of his property without due process. The district court affirmed the summary judgment.

On further appeal, Martin argues, as he did in the magistrate division and in district court, that he was entitled to a pre-deprivation hearing before confiscation of his personal property.

## STANDARD OF REVIEW

■ On review from a district court decision made in an appellate capacity, this Court examines the magistrate's decision independently, while giving due regard to the district court's analysis. *Application of Henry,* 127 Idaho 349, 350, 900 P.2d 1360, 1361 (1995); *Smith v. Smith,* 124 Idaho 431, 436, 860 P.2d 634, 639 (1993). On appeal from a summary judgment, we review the record to determine whether there is a genuine issue as to any material fact and whether the moving party was entitled to judgment as a matter of law. Idaho Rule of Civil Procedure 56(c); *Mitchell v. Siqueiros,* 99 Idaho 396, 398, 582 P.2d 1074, 1076 (1978); *Lopez v. State,* 128 Idaho 826, 827–28, 919 P.2d 355, 356–57 (Ct.App. 1996). The facts and all reasonable inferences from the evidence are construed in the favor of the party opposing the summary judgment. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993); *Mitchell, supra.*

## ANALYSIS

### A. Magistrate's Jurisdiction

The magistrate summarily dismissed Martin's claims relating to the confiscation of his property on the ground that Martin's request for compensatory damages was "beyond the court's jurisdiction in this matter." The magistrate's order does not explain in what respect jurisdiction was believed to be lacking. We surmise, however, that the magistrate was referring to the fact that the damages alleged in Martin's petition exceeded the $10,000 monetary limit for civil actions assignable to the magistrate division under I.R.C.P. 82(c)(2).

■ Although the magistrate was correct in concluding that claims for damages in the amount alleged by Martin are not properly assignable to the magistrate division, this was not a jurisdictional bar that called for dismissal of the action. As we observed in *St. Benedict's Hosp. v. County of Twin Falls,* 107 Idaho 143, 146, 686 P.2d 88, 91 (Ct.App. 1984):

> A complaint which seeks relief available only from the district court, but which is captioned in the magistrate division, may be procedurally irregular but it is not jurisdictionally defective. The magistrate division is not an entity wholly separate from the district court. It is part of the district court, served by the same clerk and by a unitary filing system. Judges of the magistrate division receive their cases by assignment from the district judges, pursuant to statutes and to rules of our Supreme Court. *See* I.C. §§ 1–2208, 2210; I.R.C.P. 82(c)(1), 82(c)(2). If a case exceeds the subject-matter jurisdiction granted a magistrate, it is transferred to another judge of the district court having such jurisdiction.

Hence, Martin's damages claims should not have been dismissed because they exceeded the scope of the magistrate's authority. Once the magistrate had dismissed Martin's claims that fell under the ambit of a petition for a writ of habeas corpus, his remaining claims should have been transferred to the district court.

■ This error will not call for reversal of the summary judgment, however, if the magistrate's decision can be sustained on alternative grounds. "[W]here the decision of the lower court is based upon an erroneous theory, we will nonetheless uphold the decision if any alternative legal basis can be found to

support it." *Hanf v. Syringa Realty, Inc.,* 120 Idaho 364, 370, 816 P.2d 320, 326 (1991); *See also Anderson & Nafziger v. G.T. Newcomb, Inc.,* 100 Idaho 175, 179, 595 P.2d 709, 713 (1979). Therefore, we will consider the respondents' alternative arguments supporting the summary judgment.

### B. Form of Pleading

■ The respondents first argue that the magistrate's dismissal of Martin's claims for deprivation of property should be affirmed because a petition for a writ of habeas corpus is not the correct form of pleading to seek the return of property or to claim compensation for its confiscation.

We disagree. We addressed the same issue in *Freeman v. State,* 115 Idaho 78, 764 P.2d 445 (Ct.App.1988), where a magistrate had dismissed a pleading labeled a petition for a writ of habeas corpus because the pleading form was improper. We held that the irregularity in the pleading form should be disregarded and that the court should address the substance of the claim. We explained:

> A petition for a writ of habeas corpus is a pleading analogous to a complaint. A complaint need contain only a concise statement of facts comprising a claim, along with a demand for relief. Although a petition for writ of habeas corpus is not the proper form of pleading to claim compensation for private property taken by the state, an error in pleading does not divest the court of jurisdiction to examine the merits of the underlying claim. In any civil case, a mislabeled claim may be treated according to its substance.
>
> Freeman's petition sets forth, in substance, a claim for compensation arising from an unlawful taking of property. Because the petition alleges facts framing a cognizable claim, the case should not have been summarily dismissed.

*Freeman,* 115 Idaho at 79, 764 P.2d at 446 (citations omitted). *See also Sivak v. State,* 111 Idaho 118, 120, 721 P.2d 218, 220 (Ct.

App.1986) (*Sivak I* ) (holding that the mislabeling, as an "application for a writ of habeas corpus," of a pleading seeking return of confiscated property, does not require the courts to refrain from determining an inmate's property rights).[2] Accordingly, we will not affirm the magistrate's decision on the ground that the relief sought by Martin is unavailable through habeas corpus proceedings.

### C. Deprivation of Property

We thus turn to the merits of Martin's action. Martin asserts that his due process rights were violated by two distinct types of property deprivations. First, as to the property which was declared to be contraband and which he was given the choice of mailing to an outside party or donating, Martin contends that he was entitled to a pre-deprivation hearing to determine whether the seized property was, in fact, of a type or quantity forbidden by the prison rules. Second, Martin claims that he was permanently deprived of a towel which, though not considered contraband, was not returned to him after the completion of his term in administrative segregation.

■ The Due Process Clauses of the United States and Idaho Constitutions forbid the government to deprive an individual of life, liberty, or property without due process of law. U.S. Const. amend. XIV; Idaho Const. art. I, § 13. These constitutional protections extend to prisoners, subject to the qualification that incarceration does necessitate the "withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977) (quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948)). "The fact of confinement as well as the legitimate goals and policies of the penal institution limits these retained constitutional rights."

---

2. Any implication in *Sivak v. State,* 130 Idaho 885, 889, 950 P.2d 257, 261 (Ct.App.1997) (*Sivak II* ), that property loss claims may be automatically dismissed because of an error in labeling the pleading is dicta inasmuch as the Court had disposed of those claims under the doctrine of *de minimus non curat lex.*

*Bell v. Wolfish,* 441 U.S. 520, 546, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

In our examination of Martin's due process claims for deprivation of property, the United States Supreme Court's decision in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), is of interest although that decision addressed a claim of deprivation of liberty rather than property. The Court there held that liberty interests that are protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless *imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*" *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300 (emphasis added) (citations omitted). This "atypical and significant hardship" test was extended by the Idaho Supreme Court to a due process claim that encompassed an assertion of hardship from the temporary loss of access to personal possessions while an inmate was in disciplinary segregation. *Schevers v. State,* 129 Idaho 573, 577, 930 P.2d 603, 607 (1996). The Idaho Supreme Court also held in *Schevers* that this "atypical and significant hardship" test is applicable to claims arising under the Idaho Constitution's Due Process Clause. *Id.* at 578, 930 P.2d 603.

With these authorities in mind, we consider the two types of property deprivation alleged by Martin.

**1. Contraband**

■ We address first the possessions that were deemed to be contraband. According to the respondents' evidence in support of their motion for summary judgment, after this property was confiscated, Martin was given forty-five days within which to either have the property mailed out of the institution at his own expense, to donate it, or to have it destroyed. He elected to donate the items.

In order to establish a cause of action for a due process violation in connection with this property, Martin must first demonstrate that a "deprivation" of his property occurred.

Several courts have held that there is no property deprivation sufficient to implicate the due process clause when an inmate has been given the opportunity to send the property outside of the institution to a location of his or her choice. *Williams v. Meese,* 926 F.2d 994, 998 (10th Cir.1991); *Pryor-El v. Kelly,* 892 F.Supp. 261, 271 (D.C.Cir.1995); *Stansbury v. Hannigan,* 265 Kan. 404, 960 P.2d 227, 238 (Kan.1998). The court in *Stansbury* explained that there is a difference between an inmate's ownership rights in property and an inmate's right to possess the property while in prison. When an inmate is given the option of retaining ownership but sending the property out of the institution, the inmate has not lost ownership, and the loss of possession during the inmate's prison term is not a sufficient taking to implicate due process rights. *Id.*

We find this analysis persuasive. In Martin's case, his loss of ownership was a consequence of his own choice to donate the items rather than mail them to another location. Hence there was no deprivation of property by the State which would trigger a right to procedural due process.

■ Even if a deprivation occurred, in our view the Department of Corrections' action respecting the disposition of Martin's unauthorized property was not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin, supra.* See also *Schevers, supra.* Therefore, the right to due process was not implicated. It follows that the respondents were entitled to summary judgment on this claim.

**2. Loss of Hand Towel**

■ Martin's sole remaining claim is that a hand towel that was part of his authorized property was not restored to him with his other possessions when he was returned to the general prison population from administrative segregation. Martin does not contend that this hand towel was intentionally withheld from him or was taken pursuant to any Department of Corrections' policy. The evidence suggests nothing other than an accidental loss of the towel.

We hold that this claim was subject to dismissal due to its triviality. Although we recognize that items of property that are of little consequence in the outside world may be of much greater import to prisoners, the loss of a single hand towel simply does not rise to constitutional dimensions. Martin's claim falls squarely within the doctrine, *de minimus non curat lex*—that the law does not take notice of very small or trivial matters. *See, e.g., Sivak II, supra* at 889, 950 P.2d 257 (stating that inmate's claims of loss of personal property consisting of clothing, washcloths, and a laundry bag were the "paradigm" of this doctrine); *Sivak I, supra* at 121, 721 P.2d at 221 (holding that the Department of Corrections' retention, pursuant to new departmental rules, of an inmate's gym trunks, deck of playing cards, pair of sweat pants, and other miscellaneous items did not rise to constitutional dimensions and thus did not violate inmate's due process rights). Thus, we affirm the dismissal of Martin's claim that prison officials violated his due process rights by permanently depriving him of a towel.

## CONCLUSION

We conclude that, on the facts asserted by Martin, as a matter of law he was not entitled to relief for the deprivation of property without due process. Although the rationale for our decision differs from that of the magistrate, the magistrate's order for summary judgment dismissing Martin's action is affirmed.

PERRY and SCHWARTZMAN, JJ., concur.