75 P.3d 210

**Jeffrey L. ACHESON, Petitioner– Appellant,**

v.

**Joe KLAUSER, Warden, Idaho State Correctional Institute, Respondent.**

No. 27979.

Court of Appeals of Idaho.

July 21, 2003.

---

Jeffrey L. Acheson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Timothy R. McNeese, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Jeffrey L. Acheson appeals from the district court's summary judgment dismissing his petition for writ of *habeas corpus*. We affirm in part and reverse in part.

I.

## FACTUAL AND PROCEDURAL SUMMARY

The following alleged facts are as set forth by Acheson in his *habeas corpus* petition and supporting documents. In March 1990, Acheson was sentenced to a unified prison term of ten years, with three years determinate (Sentence 1), for sexual abuse of a minor under the age of sixteen years, I.C. § 18–1506. The district court ordered Sentence 1 into execution on January 30, 1992 following Acheson's probation violations. Acheson was released on parole on August 2, 1994, but was then arrested on April 4, 1996 for parole violations. In January 1997, the Idaho Commission of Pardons and Paroles (Commission) revoked Acheson's parole on Sentence 1. Acheson received no credit against his sentence for the period he spent on parole. The district court thereafter granted Acheson *habeas* relief for due process violations in those revocation proceedings. The court deemed it inappropriate, however, to free Acheson in view of his pa-

role violations and ordered that he again be given parole consideration in the spring of 1997. Acheson was released on parole for Sentence 1 again in January 1998.

Subsequently, Acheson was charged with and pled guilty to grand theft by deception, I.C. §§ 18–2403, –2407, and failure to register as a sex offender, I.C. §§ 18–8301 *et seq.* In November 1998, the district court imposed a cumulative unified sentence of eight years, with three years determinate (Sentence 2), for those crimes.

The Commission then conducted a parole revocation proceeding as to Sentence 1 on March 26, 1999, and ordered Acheson to serve the remainder of that sentence in prison. According to Acheson, while he was being ushered from the room at the close of that revocation hearing, the Commission advised him that it would not consider him for any parole on Sentence 2 and that he would be passed to his full term release date for Sentence 2. Acheson had received no notice and no opportunity to be interviewed with respect to parole consideration on Sentence 2. At the time of these proceedings, Acheson had been imprisoned on Sentence 2 for approximately four months and would not be parole-eligible on Sentence 2 until August 16, 2001.

In June 2001, Acheson filed a pro se *habeas corpus* petition naming Joe Klauser, the prison warden, as respondent. As to Sentence 1, Acheson alleged that the Commission improperly ordered forfeiture of his parole time, illegally extended the sentence, and violated his due process rights. As to Sentence 2, Acheson contended that the Commission's order denying him parole consideration prior to his becoming parole-eligible for that sentence effectively "resentenced" him to eight years determinate for that crime. He argued that the Commission, in ordering him to "top out" Sentence 2 in flawed parole proceedings, retaliated against him for his previous success in obtaining *habeas* relief from its 1997 proceedings, and that the Commission's acts resulted in numerous due process, equal protection, and separation of powers violations; statutory and rule violations; and breach of the Plea Agreement. In addition, Acheson alleged

that the Commission illegally imposed excessive sentences upon him and exposed him to double jeopardy.

Klauser moved to dismiss Acheson's petition under Idaho Rule of Civil Procedure 12(b)(6). Acheson did not file a response to the motion, but rather filed a motion for leave to amend his petition, supported by affidavit regarding newly discovered information.

The court granted Klauser's motion, dismissing Acheson's petition without an evidentiary hearing. The court also denied Acheson's motion to amend on the ground that the claims in the petition could not be sustained as a matter of law. Acheson appeals.

## II.

## ANALYSIS

### A. Dismissal of Petition

The district court entered its dismissal order based upon the pleadings, affidavits, and documents submitted by the parties after the state moved for dismissal under Rule 12(b)(6). When a court considers matters outside the pleadings in resolving a motion to dismiss, the standard for summary judgment under Rule 56(c) applies to the district court's decision and to our review on appeal. I.R.C.P. 12(b); *Storm v. Spaulding,* 137 Idaho 145, 147, 44 P.3d 1200, 1202 (Ct.App.2002); *Merrifield v. Arave,* 128 Idaho 306, 307, 912 P.2d 674, 675 (Ct.App.1996). Summary judgment may be entered only if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). On appeal, we freely review whether a material factual issue exists and, if not, whether the application of law to the undisputed facts mandates that judgment be entered for the movant. *Martin v. Spalding,* 133 Idaho 469, 471, 988 P.2d 695, 697 (Ct.App.1998). The facts and all reasonable inferences from the evidence are to be construed liberally in fa-

vor of the non-movant. *Duvalt v. Sonnen,* 137 Idaho 548, 552, 50 P.3d 1043, 1047 (Ct. App.2002); *Martin,* 133 Idaho at 471, 988 P.2d at 697.

### 1. Sentence 1

As to Sentence 1, Acheson argues that the district court erred in dismissing his petition because the Commission allegedly violated his rights when it failed to give Acheson credit on Sentence 1 for the time he spent on parole before his first parole was revoked in January 1997. Acheson's assertion that he was entitled to such credit on his sentence is premised on the current version of I.C. § 20–228, which gives the Commission discretion to determine that parole time should be credited.[1] Acheson's position lacks merit because this discretionary authority of the Commission did not exist when his parole was revoked in January 1997. Under the then-existing version of I.C. § 20–228, the Commission had no authority to apply parole time to an offender's sentence. The statute then provided that, upon revocation of parole, the offender "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof. . . ." It was not until 1998 that the statute was amended to permit credit against a sentence in the Commission's discretion. 1998 Idaho Sess. Laws, ch. 327 § 2 at 1055. Thus, the Parole Commission had no authority in 1997 to do that which Acheson now complains they should have done. Accordingly, his claim pertaining to Sentence 1 was properly dismissed.

### 2. Sentence 2

Acheson next asserts that, at the end of his Sentence 1 parole revocation hearing in March 1999, the Commission summarily notified him that the Commission was also denying parole for Sentence 2 and passing him to his full term release date for that sentence. Acheson was not then due for parole consideration on Sentence 2. Indeed, he would not

1. Idaho Code § 20–228 provides in part:
   Such person so recommitted [upon revocation of parole] must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise. . . .

have been parole-eligible on Sentence 2 until almost two and one-half years later. According to Acheson, he received no notice and no opportunity to address the Commission or present evidence concerning consideration of parole on Sentence 2. Acheson contends that this conduct of the Commission, denying parole on Sentence 2 without affording Acheson notice of the hearing or an opportunity to be heard on that issue, violated Idaho statutes and the Commission's own rules. We agree that these allegations state a claim for relief.

Idaho Code § 20–213A requires the Commission to conduct its parole hearings in compliance with the open meeting law, which is codified at I.C. §§ 67–2340 through 67–2347.[2] Section 67–2343 establishes the notice requirements for these hearings. For regular meetings, i.e., hearings, the Commission generally must give at least five days prior notice, unless otherwise provided by statute. I.C. § 67–2343(1). It also must supply an agenda notice forty-eight hours prior to such a hearing. Id. Special meetings require a meeting and agenda notice at least twenty-four hours in advance, barring emergency circumstances. I.C. § 67–2343(2). Executive sessions similarly require a twenty-four-hour advance notice. I.C. § 67–2343(3). Irrespective of the type of meeting in which the Commission may have reached its parole decision as to Sentence 2, Acheson was entitled to notice. He has presented evidence that he received no such notice.

In addition to requiring compliance with the open meeting law, statutes governing parole proceedings require that the Commission allow the prisoner to address the Commission on the parole eligibility issue. Idaho Code § 20–223 requires that "[b]efore considering the parole of any prisoner, the commission shall afford the prisoner the opportunity to be interviewed by the commission, a commissioner, or other designated commission staff." I.C. § 20–223(c). Further standards governing the hearing process are established by the Parole Commis-

sion's administrative rules. I.D.A.P.A. 50.01.01.200.01.a specifies that a schedule of Commission hearings will be prepared and made available at least one week prior to a hearing session, and I.D.A.P.A. 50.01.01.200.06 allows for the participation of attorneys and submission of documentary evidence.

Acheson's allegation that he was informed of the Commission's Sentence 2 parole decision in a summary fashion while being ushered from the room after the conclusion of his Sentence 1 parole revocation hearing is sufficient to raise factual issues as to whether the Commission deprived Acheson of the right, conferred by the foregoing statutes and administrative rules, to notice and an opportunity to participate in a parole hearing on Sentence 2. These factual issues preclude summary judgment on Acheson's claim for relief with respect to his Sentence 2 parole proceeding. Accordingly, we hold that the district court erred in dismissing this portion of Acheson's petition.[3]

### B. Motion for Leave to Amend Petition

Acheson also argues that the district court abused its discretion by denying his motion for leave to amend his petition. A petition for a writ of habeas corpus, being a pleading analogous to a complaint, is governed by the Idaho Rules of Civil Procedure. Freeman v. State Dep't of Corr., 115 Idaho 78, 79, 764 P.2d 445, 446 (Ct.App.1988). Rule 15(a) provides, as is relevant in Acheson's case, that a party may amend his pleading only by leave of court and that "leave shall be freely given when justice so requires." Acheson bears the burden of showing that the district court abused its discretion in denying his motion. Ernst v. Hemenway & Moser Co., 126 Idaho 980, 983, 895 P.2d 581, 584 (Ct.App.1995).

Acheson made his motion for leave to amend on the basis of "newly discovered

---

**2.** Idaho Code § 20–213A(1)(a)–(b) spells out two limited and, here, inapplicable exceptions for compliance with the open meeting law.

**3.** Acheson also raises numerous constitutional arguments on appeal concerning the denial of parole on Sentence 2. We have examined these

claims and have either found them to be without merit or have determined that we need not address them in light of our disposition of his claim that the Commission violated rules and statutes governing parole proceedings for Sentence 2.

160

information." The district court deemed the information in Acheson's supporting affidavit insufficient to warrant the granting of that motion. On appeal, Acheson includes his one-page motion, but no supporting affidavit, in the appellate record. Acheson must present an appropriate record on appeal to substantiate his claim that justice required that his motion should have been granted. *Id.* Absent such an adequate record, we do not presume that the district court erred when it denied Acheson's motion for leave to amend. *Powell v. Sellers,* 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct.App.1997).

We note, however, that the district court's decision says that Acheson sought the amendment to "alter the name of respondents." It is the members of the Commission, not Klauser, who are the proper respondents to Acheson's allegations. The district court denied Acheson's motion to amend only because the court had concluded, erroneously, that Acheson's petition failed to allege any cognizable claim for relief. Therefore, if Acheson seeks an amendment to name appropriate respondents on remand, such amendment should be permitted.

## III.

## CONCLUSION

Because we have concluded that the district court did not abuse its discretion in denying Acheson's motion for leave to amend his petition for writ of *habeas corpus* and did not err in dismissing the petition with respect to his Sentence 1 claim, we affirm those parts of the district court's decision. We have concluded, however, that the district court erred in dismissing Acheson's *habeas* petition with regard to his claims of statutory and rule violations in his Sentence 2 parole proceeding. We therefore reverse that part of the district court's decision and remand for further proceedings consistent with this opinion.