**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41226**

| | | |
|---|---|---|
| TERRENCE MATTHEWS, | ) | 2014 Unpublished Opinion No. 664 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| OLIVIA CRAVEN, et al., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondents. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order denying petition for writ of habeas corpus, <u>affirmed</u>.

Terrence Matthews, Emmett, pro se appellant.

Respondent did not participate on appeal.

_____

GUTIERREZ, Chief Judge

Terrence Matthews appeals from the district court's order denying his petition for a writ of habeas corpus. Matthews' petition sought to overturn the revocation of his parole by the Idaho Commission of Pardons and Parole (Commission) for alleged due process violations in the Commission's proceedings. For reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

We summarized the underlying facts in our decision affirming the dismissal of Matthews' first petition for writ of habeas corpus:

> In 1991, Matthews was convicted of two counts of lewd conduct with a child under sixteen and two counts of sexual abuse of a child under sixteen. He received four concurrent unified sentences of fifteen years, with five years determinate. *See State v. Matthews*, 124 Idaho 806, 864 P.2d 644 (Ct. App. 1993). In 1996, Matthews was paroled, but his parole was revoked in February 2002. In May 2002, Matthews was again paroled. On July 29, 2005, he was arrested on an agent's warrant for again violating terms and conditions of his parole. A preliminary hearing on the alleged violations was conducted on August

1

16, 2005, after twice being continued at Matthews' request. On October 21, 2005, an evidentiary parole violation hearing was held before a hearing officer, after also being twice continued at Matthews' request. Matthews was represented by counsel and was allowed to cross-examine adverse witnesses at this hearing. On January 3, 2006, the hearing officer issued a written decision finding that Matthews had committed numerous violations, including numerous unauthorized contacts with minor children, frequenting places where minors congregate, using the Internet without permission, failing to inform an employer of his criminal convictions, leaving the state and the supervising district without permission, frequenting bars, failing to comply with sex offender treatment, changing residences without permission, and failing to submit monthly reports to his parole officer. On these findings, the hearing officer recommended that Matthews' parole be revoked. Matthews was given a copy of the hearing officer's decision on January 25, 2006.

The hearing officer's decision was forwarded to the Commission, and a final dispositional hearing was scheduled before the Commission for February 1, 2006[,] to determine whether Matthews' parole would be revoked. That hearing was continued at Matthews' request to March 15, 2006[,] to enable his counsel to be present. The March 15 hearing began, but could not be finished because Matthews became hysterical. On April 13, 2006, the dispositional hearing was completed. Matthews' counsel was present at both hearings. The minutes of the March and April hearings indicate that two witnesses testified adversely to Matthews, but imply that Matthews was not allowed to cross-examine them. In a written decision, the Commission adopted the factual findings of the hearing officer concerning the parole violations and elected to revoke Matthews' parole. The Commission's decision states that "the reasons of the Commission for revoking and denying parole are based solely on the findings of the hearing officer, not on testimony from any witnesses at this revocation hearing." Matthews filed a verified petition for a writ of habeas corpus seeking to overturn the revocation of his parole. The petition alleged, among other things, that the Commission's hearing officer violated a governing statute when she did not issue her decision within twenty days after the October 21, 2005[,] hearing and that the Commission violated Matthews' right to due process by disallowing cross-examination of the witnesses at the dispositional hearings. The respondents moved for summary judgment, and the magistrate granted the motion. The magistrate held that certain of Matthews' claims of error by the Commission and the hearing officer failed as a matter of law and that Matthews was not entitled to relief on other alleged errors. Matthews appealed to the district court, which affirmed the magistrate in all respects.

*Matthews v. Jones*, 147 Idaho 224, 226-27, 207 P.3d 200, 202-03 (Ct. App. 2009). Matthews appealed to this Court and we affirmed the grant of summary judgment dismissing Matthews' petition. *Id*. at 231, 207 P.3d at 207.

2

In October 2011, Matthews filed another petition for writ of habeas corpus regarding a polygraph examination he apparently failed, which, he contended, led to revocation of his parole in 2006. He alleged that in June 2010, he submitted a video recording of the polygraph examination that showed he did not fail the examination to the Idaho Commission of Pardons and Parole at a hearing on a self-initiated progress report. As a result, he asserted, the Commission granted him a tentative release date. However, the Idaho Department of Correction conditioned his release on completion of a sex-offender treatment program, which Matthews argued was in contravention of its duty to release him on parole in the same position as if he was never arrested for a violation. The district court dismissed the petition after determining it failed to allege any proper grounds for habeas corpus relief. This Court affirmed the dismissal. *Matthews v. Gebhart*, Docket No. 39666 (Ct. App. Aug. 1, 2012) (unpublished).

Matthews filed the petition for writ of habeas corpus at issue in this case in March 2013. He raised several issues pertaining to the revocation of his parole, which he asserted were presented in his initial habeas petition but were not "preserved or presented" by counsel: (1) he was denied the right to cross-examine and confront any adverse witness at any revocation proceedings; (2) his parole should not have been revoked because he was "already sanctioned on every violation in the parole agent's Report of Violations" and thus was subjected to double jeopardy for the same offenses in violation of the Fifth Amendment; (3) the Commission did not make a decision regarding his "guilt or innocence . . . within the statutory 20 day period"; (4) the commission failed to record the hearing "so allegations can be checked against the record"; and (5) the June 2010 video of the administration of the polygraph test that he was "arrested for failing" showed that "he passed the polygraph" and had not committed the alleged parole violations.

The district court issued an order of dismissal prior to service of the petition on the respondents, citing res judicata and noting that Matthews "either did raise or could have raised these claims in his previous habeas action attacking this parole revocation." Matthews filed a motion to reconsider, contending he had yet to have a full and fair opportunity to litigate the claims because his retained counsel failed to pursue the claims in his initial habeas action. The district court denied the motion to reconsider. Matthews filed a second motion to reconsider, pointing to asserted "newly discovered" evidence of his "'actual innocence'" of the parole

violations and contending res judicata did not apply. The district court denied this motion to reconsider, stating:

> It is simply not clear to the court that the petitioner can utilize habeas proceedings to repeatedly challenge a parole revocation that occurred nearly a decade ago and where the Idaho Court of Appeals has already review his assertions, asserted again here, that he did not receive due process in relation to the parole revocation.

In regard to Matthews' "actual innocence" claim, the court surmised that "such a claim does not appear to be cognizable in a habeas proceeding, particularly in a parole revocation context." Matthews now appeals the dismissal of his petition for writ of habeas corpus.

## II.

## ANALYSIS

The writ of habeas corpus is a constitutionally-mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 6; Idaho Code § 19-4201, *et seq.*; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Matthews*, 147 Idaho at 227, 207 P.3d at 203. The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal. *Matthews*, 147 Idaho at 227, 207 P.3d at 203. The writ is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *Id.* It may be used to challenge the revocation of parole or the violation of a parolee's constitutional rights during the course of parole revocation proceedings. I.C. §§ 19-4205(2)(b), 19-4213.

Whether to issue a writ of habeas corpus is a matter within the discretion of the trial court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Dopp v. Idaho Comm'n of Pardons & Parole*, 139 Idaho 657, 659, 84 P.3d 593, 595 (Ct. App. 2004). When reviewing an exercise of discretion in a habeas corpus proceeding, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Duvalt v. Sonnen*, 137 Idaho 548, 552, 50 P.3d 1043, 1047 (Ct. App. 2002). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Dopp*, 139 Idaho at 660, 84 P.3d at 596. When appealing from the denial of a petition

4

for writ of habeas corpus, the petitioner has the burden of establishing error. *Hoots v. Craven*, 146 Idaho 271, 274, 192 P.3d 1095, 1098 (Ct. App. 2008).

As indicated above, the district court initially dismissed Matthews' petition upon citing the principles of res judicata and noting that Matthews either did raise, or could have raised, the claims in his previous habeas action. In habeas corpus proceedings, res judicata applies to issues *actually* brought and heard by a petitioner in a prior case. *Starkey v. State*, 91 Idaho 74, 76, 415 P.2d 717, 719 (1966). If a petitioner can present some new issue of fact or law upon which the petitioner has not had a hearing, the petitioner may be entitled to a subsequent writ. *Coffelt v. State*, 92 Idaho 235, 237, 440 P.2d 355, 357 (1968). Here, it is not entirely clear to what extent the district court dismissed Matthews' petition based on the court's belief that claims may not be raised in a subsequent habeas petition which were, *or could have been*, raised or on the basis that Matthews had, in fact, previously raised all of the claims and had them heard in the prior case. Neither Matthews' prior habeas petitions, nor any corresponding documents from those proceedings are contained in the record for this appeal. It is clear, however, from our decision affirming the dismissal of Matthews' first habeas petition that two of the issues raised by Matthews in this petition were raised before this Court in his first petition: whether Matthews was denied his right to confront witnesses at his revocation hearing and whether he was denied due process when the hearing officer failed to issue a decision within twenty days. *See Matthews*, 147 Idaho at 228-31, 207 P.3d at 204-07. It is also clear from our unpublished decision affirming the dismissal of Matthews' October 2011 petition for habeas corpus that he previously raised the issue concerning the videotape of his polygraph examination. *See Matthews v. Gebhart*, Docket No. 39666 (Ct. App. Aug. 1, 2012) (unpublished). Thus, we may easily conclude that Matthews is precluded by res judicata from raising these issues again in his current petition. The district court's dismissal of these claims is affirmed.

What is not apparent from the record in this case is whether the remaining two issues raised by Matthews in this habeas action were actually raised and adjudicated in his previous habeas actions and are therefore also barred from being raised again. In addition to the previous habeas petitions and their corresponding documents not being in the record before us, in *Matthews*, 147 Idaho at 228, 207 P.3d at 204, we explicitly declined to address certain (unspecified) issues on appeal either because they were not raised before the magistrate court or because they were not presented on the intermediate appeal to the district court. This does not

preclude the possibility that Matthews previously raised the two claims at issue here as they may have been raised before the magistrate, but not the district court. Absent an adequate record, we will not presume that a district court erred. *Acheson v. Klauser*, 139 Idaho 156, 160, 75 P.3d 210, 214 (Ct. App. 2003).

However, even assuming the remaining two claims are not precluded by res judicata and may be addressed by this Court on appeal, the dismissal of these claims was warranted because they do not state a valid basis for habeas relief. We address each of these claims in turn.

Although somewhat difficult to ascertain, Matthews' argument regarding double jeopardy appears to be that because he was previously "sanctioned on every violation in the parole agent's Report of Violations," these violations could not also form the basis of the revocation of his parole. The Double Jeopardy Clause of the United States Constitution protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *State v. Osweiler*, 140 Idaho 824, 825-26, 103 P.3d 437, 438-39 (2004). Matthews is presumably invoking the latter protection. It is well settled, however, that the revocation of probation and parole does not constitute an additional punishment because revocation of probation or parole involves only the enforcement of conditions already imposed. *See State v. Chapman*, 111 Idaho 149, 155, 721 P.2d 1248, 1254 (1986); *Gibson v. Bennett*, 141 Idaho 270, 276, 108 P.3d 417, 423 (Ct. App. 2005). Accordingly, dismissal of this claim was not erroneous.

Matthews also contends his constitutional rights were violated by the Commission's failure to record the parole revocation proceedings. Even if we assume the proceedings were not actually recorded (a conclusion for which there is no relevant evidence in the record) and that failure amounted to a due process violation, dismissal of the claim was still appropriate because it would be harmless error. *See Matthews*, 147 Idaho at 231, 207 P.3d at 207. The mere failure to provide a transcript of an oral proceeding below does not automatically mandate reversal. *State v. Polson*, 92 Idaho 615, 620-21, 448 P.2d 229, 234-35 (1968). Rather, the lack of a complete transcript must prejudice the defendant's ability to pursue an appeal. *Id.* at 621, 448 P.2d at 235. Here, Matthews presents no evidence or argument outlining any specific error that

6

occurred at any hearing for which there is allegedly no transcript available. Accordingly, dismissal of this claim was not erroneous.[1]

## III.

## CONCLUSION

Matthews is barred by res judicata from again raising issues in his habeas petition as to whether he was denied the right to confront witnesses at his revocation hearing, whether he was denied due process when the hearing officer failed to issue a decision within twenty days, and the effect of the video recording of his polygraph examination. In addition, even assuming his remaining claims are not precluded by res judicata and may be properly addressed on appeal, neither has merit: it is well settled that the revocation of parole does not implicate double jeopardy protections and that the failure to record a parole hearing does not warrant reversal without a showing of prejudice. The district court's order denying Mathews' petition for writ of habeas corpus is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1]    Matthews lists two other issues in his appellant's brief:

> (1) Did the district court dismiss this case without addressing the merits of this case? Now that the petitioner exhausted his claims per this court and the US District Court of Idaho. 14th Amendment Due Process Rights.
> (2) Did appellant's retained counsel fail to pursue claims filed by the petitioner, to the state magistrate and district court of Idaho? 6th Amendment.

Although difficult to discern, the former issue is apparently in regard to whether Matthews has exhausted his state law remedies such that he may pursue a federal habeas action. Whether Matthews has satisfied the requirements to pursue a federal action is not for this Court to determine and we do not address the issue further.

In regard to the latter issue, we interpret it as merely a statement explaining why the issues raised in this second habeas action were (presumably) not raised below. Because we assumed the three issues raised by Matthews in his second habeas, which were not addressed by this Court in *Matthews v. Jones*, 147 Idaho 224, 207 P.3d 200 (Ct. App. 2009), were properly before this Court and addressed the merits of these issues, we need not determine whether counsel's alleged failure to raise these issues allows Matthews to properly raise them on appeal.