IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42367

| | | |
|---|---|---|
| GERALD B. CUMMINGS, JR., | ) | 2015 Unpublished Opinion No. 328 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 29, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO COMMISSION OF PARDONS & | ) | THIS IS AN UNPUBLISHED |
| PAROLE; DAVID ATKINSON; and | ) | OPINION AND SHALL NOT |
| OLIVIA CRAVEN, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Judgment denying petition for writ of habeas corpus, affirmed.

Gerald B. Cummings, Jr., Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

In this habeas corpus case, Gerald B. Cummings, Jr., claims that defendants[1] have miscalculated the sentence completion date for his sentences.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cummings was sentenced for possession of a controlled substance on June 8, 2009. He received a unified seven-year sentence with a one and one-half-year determinate term and received credit for ninety-five days of prejudgment incarceration. He was released on parole on October 1, 2010, having completed the determinate term of his sentence. While on parole, Cummings was charged with a second offense of possession of a controlled substance.

_____

[1]    We hereinafter refer to the named defendants, collectively, as the Idaho Department of Correction (IDOC).

1

Cummings was convicted of the second offense on December 20, 2012, and sentenced to a unified term of four years with one year determinate, which was ordered to run consecutively to his sentence for his original offense. He received credit for eighty-one days of prejudgment incarceration. As a result of the second conviction, Cummings was found in violation of his parole, which was revoked, and he did not receive credit for the 731 days spent on parole in the original case.[2] His full-term release date (FTRD) was calculated as December 14, 2021, to reflect his sentence for the second offense, credit for time served, and for the 731 days forfeited on parole.

Cummings filed a pro se petition for a writ of habeas corpus, arguing that he was deprived of due process because the IDOC miscalculated his FTRD upon his conviction of the second offense. Cummings argued that his FTRD should be in March 2018 in the first case and March 2021 for the second case, rather than December 14, 2021. The State filed a response and motion for summary judgment, arguing that because Cummings' sentences were to be served consecutively, his sentence was appropriately calculated as December 14, 2021. The State noted that since Cummings was sentenced to a one-year determinate term and received eighty-one days' credit for time served, his determinate term was extended by approximately nine months. The district court granted the State's motion for summary judgment, finding there to be no genuine issue of material fact, and concluding that Cummings' sentence had not been miscalculated. Cummings timely appeals.

## II.

## ANALYSIS

A petition for a writ of habeas corpus, being a pleading analogous to a complaint, is governed by the Idaho Rules of Civil Procedure. *Freeman v. State Dep't of Corr.*, 115 Idaho 78, 79, 764 P.2d 445, 446 (Ct. App. 1988). Bound by the same standard of review as the trial court, we examine the record to determine whether there remains any genuine issue of material fact, and absent such issues, whether the moving party was entitled to judgment as a matter of law. I.R.C.P. 56(c); *Martin v. Spalding*, 133 Idaho 469, 471, 988 P.2d 695, 697 (Ct. App. 1998). We liberally construe the facts contained in the record and all reasonable inferences based thereupon in favor of the opposing party. *See Martin*, 133 Idaho at 471, 988 P.2d at 697. Unless

---

[2] Cummings does not challenge the forfeiture of 731 days he spent on parole.

controverted, however, the allegations contained in a habeas corpus petition must be treated as true when considering whether that writ will issue. *Gawron v. Roberts*, 113 Idaho 330, 332, 743 P.2d 983, 985 (Ct. App. 1987).

Under Idaho law, a sentence of imprisonment for a felony generally consists of two parts, the fixed term (also referred to as the determinate term or minimum term), which is the minimum period that a defendant must serve before becoming eligible for parole, and a subsequent indeterminate term, during which the defendant may be released on parole. *See* Idaho Code § 19-2513. A prisoner must receive credit on a sentence for any period of incarceration prior to the entry of judgment if such incarceration was for the offense for which the judgment was entered. I.C. § 18-309. This credit is given by subtracting the number of days' credit from the end of the fixed term of the prisoner's sentence, or from the final release date if no fixed term applies to the sentence. *Fullmer v. Collard*, 143 Idaho 171, 172, 139 P.3d 773, 774 (Ct. App. 2006).

When the defendant has committed multiple offenses, a sentencing court may order that the sentences will be served concurrently or consecutively. I.C. § 18-308. When consecutive sentences have been imposed, a prisoner first serves the determinate term of the first sentence, then the determinate term of the second sentence, followed by the consecutive indeterminate portions of each sentence, during which the prisoner may become eligible for parole at any time. *Doan v. State*, 132 Idaho 796, 799, 979 P.2d 1154, 1157 (1999).

Cummings argues that he already served the approximately nine months that his overall sentence has been extended by, effectively creating a double jeopardy situation. Cummings also argues that the IDOC did not have authority to add time to the end of his sentence for his first offense.[3] In essence, Cummings fails to understand the impact of his sentences being ordered to be served consecutively. For his first possession offense, Cummings initially served one and one-half years--his determinate term--receiving credit for ninety-five days of prejudgment incarceration. Soon thereafter, Cummings was released on parole on October 1, 2010. At that time, he had approximately five and one-half years of indeterminate time to be served on his first

---

[3] On appeal, Cummings further argues that he has been denied access to IDOC policy pertaining to sentence calculation. However, Cummings did not raise this argument below and therefore, we will not consider it for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

sentence if his parole were to be revoked. His parole was revoked following his conviction for the second possession offense. For his second possession offense, Cummings was ordered to serve a one-year determinate term followed by a three-year indeterminate term, which was ordered to run consecutively to his original sentence. Because his parole was revoked, Cummings also had five and one-half years remaining on his sentence for his original possession offense. After subtracting eighty-one days' credit for time served, Cummings needed to serve approximately nine more months to satisfy the determinate portion of his sentence for his second offense.

Because Idaho law requires the determinate portions of consecutive sentences to be served before the relative indeterminate portions, Cummings was required to satisfy the one-year determinate portion of his sentence for his second offense before serving the five and one-half years remaining on his original offense, followed by the indeterminate term of this second sentence. The 731 days that Cummings spent on parole for his first offense were also added (reflecting the forfeiture of that time on parole). Calculating Cummings' sentence for his second offense, together with the indeterminate term of his first offense (including the revocation of the time spent on parole), effectively extended his FTRD to December 14, 2021. Cummings has not been subjected to double jeopardy, but rather his sentences have been separately ordered and appropriately calculated to run consecutively. The IDOC correctly calculated Cummings' sentences, with the determinate portion of each sentence to be retired first. There is no genuine issue of material fact in dispute as to the calculation of Cummings' sentences. Accordingly, the district court did not err in granting summary judgment.

## III.

## CONCLUSION

Cummings failed to demonstrate that the district court erred in granting the State's motion for summary judgment of his petition for writ of habeas corpus. Therefore, the district court's judgment denying Cummings' petition for habeas corpus is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR.**